PEOPLE v MACK

Docket No. 249023. Submitted October 12, 2004, at Detroit. Decided February 8, 2005, at 9:00 a.m.

Chris D. Mack was convicted by a jury in the Oakland Circuit Court of criminal sexual conduct in the third degree (CSC III), MCL 750.520d(1)(c), and assault with intent to commit criminal sexual conduct involving penetration (AWICSC), MCL 750.520g(1). At sentencing, the court, Michael D. Warren, Jr., J., used a presentence investigation report that calculated the sentencing guidelines range for the CSC III conviction, but failed to calculate a range for the AWICSC conviction. The defendant was sentenced to concurrent terms of fifteen to thirty years of imprisonment, which exceeded the defendant's sentencing guidelines range for the AWICSC conviction. The defendant appealed.

The Court of Appeals held:

1. CSC III is a class B felony carrying a statutory maximum penalty of fifteen years in prison; assault with the intent to commit criminal sexual conduct is a Class D felony carrying a statutory maximum penalty of ten years in prison. The trial court, in sentencing the defendant to fifteen to thirty years of incarceration, correctly used a presentence investigation report prepared for CSC III, the crime having the higher crime class, as directed by MCL 771.14. Resentencing is not warranted.

2. The defendant asserted that the failure to apply the guideline for sentencing on the AWICSC conviction interferes with his future eligibility for parole. However, a prisoner has no constitutional or inherent right to parole, only a hope or expectation of it.

3. To support his claim of ineffective assistance of counsel during the sentencing, the defendant must show that his counsel's performance was deficient and that, under an objective standard of reasonableness, the defendant was denied his Sixth Amendment right to counsel, i.e., but for counsel's error, the result of the proceeding would have been different. Counsel is not ineffective for failing to advocate a meritless position. The Court of Appeals has determined that the trial court used the presentence investigation report properly, so counsel was not ineffective in failing to object to that use. Because the sentences are proportionate, the

defendant failed to show that, but for counsel's performance, either sentence would have been different.

Affirmed.

1. SENTENCES — PRESENTENCE INVESTIGATION REPORTS — MULTIPLE FELONY CONVICTIONS.

For sentencing on multiple convictions, no one of which requires a consecutive sentence, a presentence investigation report need only be prepared for the highest crime class felony; no presentence investigation report need be prepared for each of the remaining felony convictions (MCL 771.14[2][e][ii], [iii]).

2. PAROLE — CONSTITUTIONAL RIGHT — INHERENT RIGHT.

A prisoner has no constitutional or inherent right to parole, only a hope or expectation of it.

3. CRIMINAL LAW — INEFFECTIVE ASSISTANCE OF COUNSEL — SENTENCES.

To support a claim of ineffective assistance of counsel at sentencing, the defendant must show that counsel's performance was deficient and that, under an objective standard of reasonableness, the defendant was denied his Sixth Amendment right to counsel, i.e., but for counsel's error, the result of the proceeding would have been different.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *David G. Gorcyca*, Prosecuting Attorney, *Joyce F. Todd*, Chief, Appellate Division, and *Danielle DeJong*, Assistant Prosecuting Attorney, for the people.

*Peter Ellenson* for the defendant.

Before: WILDER, P.J., and HOEKSTRA and OWENS, JJ.

WILDER, P.J. Defendant appeals as of right his sentences following jury trial convictions of third-degree criminal sexual conduct (CSC III), MCL 750.520d(1)(c), and assault with intent to commit criminal sexual conduct involving sexual penetration (AWICSC), MCL 750.520g(1). Defendant was sentenced on both counts

as a fourth-offense habitual offender, MCL 769.12, to concurrent terms of fifteen to thirty years' imprisonment. We affirm.

I

Defendant was employed with Give-a-Lift Transportation as a van driver. Give-a-Lift transports clients to medical, doctor, and therapy appointments. The complainant lives in a group home and is mentally impaired as a result of a closed-head brain injury she suffered in an automobile accident when she was seven years old. Although she is chronologically twenty-four years old, the complainant has the mental abilities of a seven- to ten-year-old child and has required therapy since her injury. Defendant's convictions and sentences arise from an incident that occurred while he, in his position as a Give-a-Lift van driver, initiated sexual contact with the complainant while en route to the group home after her therapy session. Defendant drove the van into a parking lot, where he requested that complainant go to the rear of the van. Defendant removed his pants and complainant's undergarment and pants. Defendant attempted anal sex with complainant and forced her to perform fellatio. After the encounter, defendant drove complainant to the group home, where complainant reported the incident to a counselor the following day. Defendant was subsequently arrested and, after a two-day trial, he was convicted as charged.

After his convictions, the probation department prepared a presentence investigation report (PSIR), calculating the guidelines range for defendant's conviction of CSC III at 84 to 120 months. A PSIR was not prepared for defendant's conviction of AWICSC. Following defendant's sentence to concurrent terms of fifteen to thirty years' imprisonment, defendant filed a motion for re-

sentencing, asserting that the trial court erred by failing to separately score the AWICSC conviction and by sentencing defendant outside the guidelines range that would apply to defendant's AWICSC conviction. Defendant also moved for a *Ginther*[1] hearing, asserting that he was provided ineffective assistance of counsel at his sentencing hearing. The trial court denied both motions. Defendant now appeals.

II

This Court reviews for clear error a trial court's factual findings at sentencing. *People v Houston*, 261 Mich App 463, 471; 683 NW2d 192 (2004). This Court reviews a trial court's decision to impose an increased sentence pursuant to the habitual offender act for an abuse of discretion. *People v Reynolds*, 240 Mich App 250, 252; 611 NW2d 316 (2000). However, the proper construction or application of statutory sentencing guidelines presents a question of law that is reviewed de novo. *Id.*

When no *Ginther* hearing has been conducted, our review of the defendant's claim of ineffective assistance of counsel is limited to mistakes that are apparent on the record. *People v Wilson*, 257 Mich App 337, 363; 668 NW2d 371 (2003).

III

A

Defendant first argues that he is entitled to a resentencing because the trial court erred in using a PSIR that only covered the CSC III conviction and because the sentence for the AWICSC conviction was a

---

[1] *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).

departure from the sentencing guidelines that was not supported by substantial and compelling reasons. We disagree.

We first observe that although defendant did not challenge the trial court's failure to separately score the AWICSC conviction at sentencing, defendant did raise this challenge, as well as his assertion that the trial court imposed a sentence outside the applicable guidelines, in a timely motion for resentencing. "[P]ursuant to [MCL § 769.34(10)], a sentence that is outside the appropriate guidelines sentence range, for whatever reason, is appealable regardless of whether the issue was raised at sentencing, in a motion for resentencing, or in a motion to remand." *People v Kimble*, 470 Mich 305, 310; 684 NW2d 669 (2004). We therefore conclude that defendant's challenge of his sentence for AWICSC is preserved for appeal.

Resolution of defendant's challenge to his AWICSC sentence involves interpretation of the legislative sentencing guidelines. "The goal of judicial interpretation of a statute is to ascertain and give effect to the intent of the Legislature." *People v Davis*, 468 Mich 77, 79; 658 NW2d 800 (2003), citing *People v Pasha*, 466 Mich 378, 382; 645 NW2d 275 (2002). "To accomplish this objective, [appellate courts] begin by examining the language of the statute." *Davis, supra* at 79. "If the language is clear and unambiguous, 'no further construction is necessary or allowed to expand what the Legislature clearly intended to cover.' " *Id.* (citation deleted).

MCL 771.14 provides in relevant parts:

> (2) A presentence investigation report prepared under subsection (1) shall include all of the following:

* * *

(e) For a person to be sentenced under the sentencing guidelines set forth in chapter XVII, all of the following:

(i) For each conviction for which a consecutive sentence is authorized or required, the sentence grid in part 6 of chapter XVII that contains the recommended minimum sentence range.

(ii) Unless otherwise provided in subparagraph (i), for each crime having the highest crime class, the sentence grid in part 6 of chapter XVII that contains the recommended minimum sentence range.

(iii) Unless otherwise provided in subparagraph (i), the computation that determines the recommended minimum sentence range for the crime having the highest crime class.

Before it was amended in 2000, MCL 771.14 provided in parts as follows:

(2) A presentence investigation report prepared under subsection (1) shall include all of the following:

* * *

(e) For a person to be sentenced under the sentencing guidelines set forth in chapter XVII, *all* of the following:

(*i*) For *each* conviction entered, the sentence grid in part 6 of chapter XVII that contains the recommended minimum sentence ranges. [Emphasis added.]

It is undisputed that because defendant was sentenced to concurrent sentences, MCL 771.14(2)(e)(i) does not apply. CSC III is a class B felony carrying a statutory maximum penalty of fifteen years in prison, while AWICSC is a class D felony carrying a statutory maximum penalty of ten years in prison. MCL 777.16y. Thus, under the plain language of MCL 771.14(2)(e)(ii) and (iii), the trial court correctly used in sentencing a PSIR covering defendant's conviction of CSC III, which, as a class B felony, is the crime having the higher crime

class. Our construction of MCL 771.14(2)(e)(ii) and (iii) recognizes the Legislature's clear intent, expressed in its amendment of MCL 771.14, that, for sentencing on multiple concurrent convictions, a PSIR would only be prepared for the highest crime class felony conviction and would no longer be prepared for each of the defendant's multiple convictions.

We reject defendant's contention that construing the plain language of MCL 771.14(2)(e)(ii) and (iii) to apply the legislative intent expressed in the statute leads to an absurd and unjust result, the potential imposition of sentences of unlimited duration on defendants convicted as fourth-offense habitual offenders. First, "[o]ur Supreme Court has since criticized and substantially limited, if not eviscerated, the 'absurd result' rule, agreeing 'with Justice Scalia's description of such attempts to divine unexpressed and nontextual legislative intent as "nothing but an invitation to judicial lawmaking." ' " *McGhee v Helsel,* 262 Mich App 221, 226; 686 NW2d 6 (2004), quoting *People v McIntire,* 461 Mich 147, 156 n 2; 599 NW2d 102 (1999) (citation omitted). Further, in its many recent pronouncements on the subject of statutory interpretation, the Supreme Court has made it clear that "[c]ourts may not rewrite the plain language of the statute and substitute their own policy decisions for those already made by the Legislature." *McGhee, supra* at 226, citing *DiBenedetto v West Shore Hosp,* 461 Mich 394, 405; 605 NW2d 300 (2000).

As the Supreme Court made clear in *People v Babcock,* 469 Mich 247, 263; 666 NW2d 231 (2003), the Legislature subscribed to the principle of proportional sentencing both when it established "mandatory sentences as well as minimum and maximum sentences for certain offenses," citing *People v Milbourn,* 435 Mich

630, 635-636; 461 NW2d 1 (1990), and when it established the statutory sentencing guidelines. *Babcock, supra* at 263. We question (but do not expressly decide today) whether a sentence for a conviction of the lesser class felony that is not scored under the guidelines pursuant to MCL 771.14(2)(e)(ii) and (iii) could permissibly exceed the sentence imposed on the highest crime class felony and remain proportional.

We also reject defendant's assertion that the failure to apply the guidelines to the sentence on the AWICSC conviction improperly interferes with defendant's future eligibility for parole. "A prisoner has no constitutionally protected or inherent right to parole, only a hope or expectation of it." *Morales v Parole Bd*, 260 Mich App 29, 48; 676 NW2d 221 (2003), citing *Jones v Dep't of Corrections*, 468 Mich 646, 651; 664 NW2d 717 (2003); *Hurst v Dep't of Corrections, Parole Bd*, 119 Mich App 25, 28-29; 325 NW2d 615 (1982).

B

Next, defendant raises several claims of ineffective assistance of counsel relating to trial counsel's performance at sentencing. To establish ineffective assistance of counsel, a defendant must prove that his counsel's performance was deficient and that, under an objective standard of reasonableness, defendant was denied his Sixth Amendment right to counsel. *People v Grant*, 470 Mich 477, 485; 684 NW2d 686 (2004). The deficiency must be prejudicial to defendant to the extent that, but for counsel's error, the result of the proceedings would have been different. *Id.* at 486. Effective assistance of counsel is presumed, and the defendant bears a heavy burden to prove otherwise. *People v Garza,* 246 Mich App 251, 255; 631 NW2d 764 (2001).

In light of our conclusion that the trial court did not err in failing to score guidelines or in imposing sentence on defendant's AWICSC conviction, we reject defendant's claim that trial counsel was ineffective for failing to object to either the absence of guidelines scoring for that conviction or the trial court's failure to sentence within the guidelines for that conviction. Counsel is not ineffective for failing "to advocate a meritless position." *People v Snider*, 239 Mich App 393, 425; 608 NW2d 502 (2000).

Defendant's remaining claims of ineffective assistance of counsel must also fail because both sentences were proportionate and because defendant fails to show that but for counsel's performance either sentence would have been different. *Grant, supra* at 486.

IV

We conclude that resentencing is not warranted, as the trial court did not err in failing to have prepared a PSIR for defendant's conviction of AWICSC or in concluding that the sentencing guidelines are not applicable to defendant's AWICSC conviction, and did not impose a disproportionate sentence for that offense. Additionally, defendant has failed to rebut the presumption that he received the effective assistance of counsel because he fails to show that but for counsel's performance either sentence would have been different. *Grant, supra* at 486.

Affirmed.