# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

WILLIE T. GREEN, JR.,

        Defendant-Appellant.

UNPUBLISHED
January 22, 2015

No. 317684
Kalamazoo Circuit Court
LC No. 2013-000473-FC

Before: RIORDAN, P.J., and MARKEY and WILDER, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of three counts of first-degree criminal sexual conduct, MCL 750.520b(2)(b) (penetration of a victim under 13, defendant 17 or older), and one count of second-degree criminal sexual conduct, MCL 750.520c(2)(a) (sexual contact with a victim under 13, defendant 17 or older). Defendant's convictions are based on his sexual assault of his ex-wife's daughter, who at the time of the assaults was six or seven years old. Defendant was sentenced to concurrent terms of 30 to 50 years for each first-degree criminal sexual conduct conviction, and 15 to 40 years for his second-degree criminal sexual conduct conviction. We affirm.

## I. INEFFECTIVE ASSISTANCE OF COUNSEL

### A. STANDARD OF REVIEW

Defendant first contends that he was denied the effective assistance of counsel when his defense counsel failed to object to a detective's comment regarding the victim's consistency and credibility. Whether a defendant received effective assistance of counsel is a mixed question of fact and law, as a "trial court must first find the facts and then decide whether those facts constitute a violation of the defendant's constitutional right to effective assistance of counsel." *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004). When reviewing a claim of ineffective assistance of counsel that has not been preserved for appellate review, a reviewing court is limited to mistakes apparent on the record. *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002).

### B. ANALYSIS

"Effective assistance of counsel is presumed, and the defendant bears a heavy burden to prove otherwise." *People v Mack*, 265 Mich App 122, 129; 695 NW2d 342 (2005). To establish a claim for ineffective assistance of counsel, a defendant first must establish that "counsel's representation fell below an objective standard of reasonableness." *People v Vaughn*, 491 Mich 642, 669; 821 NW2d 288 (2012) (quotation marks and citation omitted); see also *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984). Second, the defendant must show that trial counsel's deficient performance prejudiced his defense, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Vaughn*, 491 Mich at 669 (quotation marks and citation omitted); see also *Strickland*, 466 US at 687.

Even if defense counsel behaved objectively unreasonable in failing to object to the officer's comments on the victim's credibility, defendant is not entitled to relief. Defendant must "show the existence of a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001). If this case involved merely a credibility contest between the victim and defendant, defendant's claim may have merit. See *People v Douglas*, 496 Mich 557, 588; 852 NW2d 587 (2014) (failing to object to a witness's testimony that vouches for the veracity of a sexual assault victim may constitute ineffective assistance of counsel). However, defendant made several admissions to the police during the interrogation. Defendant admitted: "If she say I did oral sex, I vaguely remember but I remember . . . I think I could remember taking out my [penis] and putting it somewhere around [the victim's] mouth . . . ." Defendant denied inserting his penis into the victim's vagina. However, when further questioned about the victim's claim that he partially inserted his penis into her vagina, defendant conceded: "If I had it out . . . it had to been either around her or I don't really quite frankly know. If it was out, and she said I almost had sex, then I must have obviously had it on her." He said while it was not accidental, it was a "bad decision."

In light of defendant's admissions regarding his sexual conduct with the victim, he has failed to demonstrate that but for counsel's failure to object to the detective's isolated comment, there exists a reasonable probability the result of the proceedings would have been different. *Carbin*, 463 Mich at 600. While defendant also requests a remand for an evidentiary hearing, a hearing is not warranted as further development of this issue would not affect the result.[1]

## II. OTHER ACTS EVIDENCE

## A. STANDARD OF REVIEW

---

[1] Although defendant references "due process" in his statement of the questions presented, he provides no explanation, nor analysis of, a due process argument. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998).

Defendant also contends that testimony regarding an instance with him and the victim's sister was improperly admitted because it was irrelevant and unfairly prejudicial. Because defendant did not object to this testimony at trial, our review is limited to plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

## B. ANALYSIS

Even if improper, the admission of this evidence did not affect the outcome of trial. *Carines*, 460 Mich at 763. There was limited testimony that on one occasion, defendant shared a bed with his daughter, the victim's sister.[2] Defendant vehemently denied that anything improper occurred between himself and the victim's sister. The victim testified that she never saw anything sexual between her sister and defendant. The victim's sister testified that she remembered crying, but no other facts were presented to the jury about this incident. In fact, the police detective referenced how adamant defendant was when denying anything improper with the victim's sister.

Considering the vague and limited reference to this incident—and the lack of testimony that sexual activity occurred—we do not find that the admission of this evidence "affected the outcome of the lower-court proceedings." *People v Jones*, 468 Mich 345, 356; 662 NW2d 376 (2003). As stated *supra*, defendant confessed to sexual activity consistent with the victim's allegations. This was not a case where the jury had to assess credibility based only on the victim's allegations and the defendant's denials. Defendant has not demonstrated plain error affecting substantial rights. *Carines*, 460 Mich at 763.[3]

Defendant briefly refers to the prosecution's comment during closing arguments regarding what defendant did to "those little kids." Defendant did not object to this comment. On appeal, he fails to present any legal argument with respect to this comment. Because defendant "merely announce[d] his position and [left] it to this Court to discover and rationalize the basis for his claims," this issue is abandoned. *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998).[4]

---

[2] The victim is not defendant's biological daughter.

[3] In his statement of the issues presented, defendant references ineffective assistance of counsel regarding this other acts evidence. However defendant advanced no argument or analysis of ineffective assistance of counsel regarding this evidence. See *Kelly*, 231 Mich App at 640-641. Moreover, considering that no witness actually testified that defendant and the victim's sister were engaged in sexual activity, defense counsel may very well have decided that "there are times when it is better not to object and draw attention to an improper comment." *People v Horn*, 279 Mich App 31, 40; 755 NW2d 212 (2008).

[4] To the extent that defendant was attempting to advance a prosecutorial misconduct argument, the trial court instructed the jury that the lawyers' arguments are not evidence, and juries are

## III. CONCLUSION

Defendant is not entitled to a new trial or evidentiary hearing based on ineffective assistance of counsel or improperly admitted evidence. We affirm.

/s/ Michael J. Riordan
/s/ Jane E. Markey
/s/ Kurtis T. Wilder

---

presumed to follow the instructions. *People v Unger*, 278 Mich App 210, 235; 749 NW2d 272 (2008).