# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

NATHAN EDWARD HAGGARD,

Defendant-Appellant.

UNPUBLISHED
February 17, 2015

No. 318625
Grand Traverse Circuit Court
LC No. 13-011571-FH

Before: RIORDAN, P.J., and MURPHY and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of assault with intent to commit sexual penetration, MCL 750.520g(1), and fourth-degree criminal sexual assault, MCL 750.520e(1) (force or coercion). His convictions stem from his sexual assault of his 15-year old prom date, KD. Evidence of defendant's assaults against two other minors—BC[1] and SP—was admitted at trial under MRE 404(b). Defendant was sentenced to concurrent prison terms of 3 to 10 years for assault with intent to commit sexual penetration and 16 months to 2 years for fourth-degree criminal sexual conduct. We affirm.

## I. OTHER ACTS EVIDENCE

## A. STANDARD OF REVIEW

Defendant first challenges the admission of other acts evidence pertaining to his assaults of BC and SP. We review for an abuse of discretion a trial court's decision to admit evidence. *People v Musser*, 494 Mich 337, 348; 835 NW2d 319 (2013). "A trial court abuses its discretion when it chooses an outcome that falls outside the range of principled outcomes." *Id.* An evidentiary error is harmless unless it is more probable than not that the outcome of the trial would have been different but for the admission of the improper evidence. *People v Lukity*, 460 Mich 484, 496; 596 NW2d 607 (1999).

---

[1] Defendant was acquitted of third-degree criminal sexual conduct regarding his conduct toward BC. Defendant was tried jointly relative to KD and BC.

## B. ANALYSIS

The prosecution filed its notice to admit other acts evidence pursuant to MRE 404(b) based on intent, motive, and lack of accident or mistake regarding consent on May 7, 2013. The trial court ultimately concluded that the evidence was admissible under MRE 404(b) and MRE 403. Defendant's trial commenced on July 9, 2013. Now on appeal, defendant contends that the trial court erred in admitting this evidence for character purposes. Defendant also asserts that the evidence was not indicative of lack of mistake and was not probative of a common scheme or plan.

MRE 404(b) provides that evidence of other crimes, wrongs, or acts may be admissible "as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case." Nevertheless, the evidence: (1) must be offered for a proper purpose; (2) it must be relevant; (3) the probative value of the evidence may not be substantially outweighed by the danger of unfair prejudice; and (4) the trial court may, upon request, provide a limiting instruction to the jury. *People v VanderVliet*, 444 Mich 52, 55; 508 NW2d 114 (1993) amended 445 Mich 1205 (1994). Moreover, "[e]vidence relevant to a noncharacter purpose is *admissible* under MRE 404(b) *even if* it also reflects on a defendant's character." *People v Mardlin*, 487 Mich 609, 615-616; 790 NW2d 607 (2010) (emphasis in original).

In the instant case, any error in the admission of this evidence under MRE 404(b) was harmless beyond a reasonable doubt because this evidence was admissible under MCL 768.27a. MCR 2.613. Although the prosecution did not seek to admit this evidence pursuant to MCL 768.27a, it is an alternate basis for admission.[2] The statute provides that if "the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant." MCL 768.27a(1). KD, BC, and SP were all minors, as they were under the age of 18 at the time of the assaults. MCL 768.27a(2)(b). Further, the assaults against KD, BC, and SP constitute listed offenses under the statute. MCL 768.27a(2)(a); MCL

---

[2] The statute provides that if the prosecution intends to offer evidence under MCL 768.27a, it "shall disclose the evidence to the defendant at least 15 days before the schedule date of trial . . . ." Here, the prosecution provided over two months' notice regarding its intent to introduce this evidence. Although the prosecution did not cite to MCL 768.27a, it disclosed the evidence, and provided defendant with ample notice. Moreover, defendant has not "suggested how he would have reacted differently to this evidence had the prosecutor given notice" under the statute, and "we have no way to conclude that this lack of notice had any effect whatsoever." *People v Hawkins*, 245 Mich App 439, 455; 628 NW2d 105 (2001).

28.722(j); MCL 28.722(u)(*x*). Defendant merely contends that the evidence would have been inadmissible under this statute because of MRE 403.[3]

Further, defendant has not established any unfair prejudice under MRE 403. While "[a]ll relevant evidence is prejudicial . . . it is only unfairly prejudicial evidence that should be excluded." *People v McGhee,* 268 Mich App 600, 613-614; 709 NW2d 595 (2005). "Unfair prejudice exists when there is a tendency that evidence with little probative value will be given too much weight by the jury." *Id.* at 614. In *People v Watkins*, 491 Mich 450, 487; 818 NW2d 296 (2012), our Supreme Court explained that "other-acts evidence admissible under MCL 768.27a may not be excluded under MRE 403 as overly prejudicial merely because it allows a jury to draw a propensity inference." The Court identified several factors to consider in a MRE 403 analysis, including: "(1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony." *Id.* at 487-488.

Here, evidence that defendant assaulted two other minors was probative of whether he committed the crimes in the instant case because it was relevant to whether he had a propensity to commit criminal sexual conduct crimes against minors. *Watkins*, 491 Mich at 487. It also related to whether the minor in this case was providing truthful testimony. As we stated in *People v Mann*, 288 Mich App 114, 118; 792 NW2d 53 (2010), such evidence "tended to show that it was more probable than not that [the minors] in this case were telling the truth when they indicated that [the defendant] had committed CSC offenses against them." The relevancy of this evidence—including the similarity of defendant assaulting 15 to 16 year old girls, the temporal proximity, and the increasing frequency—outweighed any prejudicial effect. *Watkins*, 491 Mich at 481-483.

Therefore, we find that any error in the admission of this evidence under MRE 404(b) is harmless beyond a reasonable doubt. Even if we were to remand this case for a new trial based on an erroneous MRE 404(b) ruling, this evidence would be admitted expressly for character purposes under MCL 768.27a. "To reverse a conviction under these circumstances would do little to further the ends of justice." *People v Sabin*, 463 Mich 43, 60 n 6; 614 NW2d 888 (2000).

## II. JOINDER

### A. STANDARD OF REVIEW

Relatedly, defendant argues that the joinder of the cases involving KD and BC was improper. "Whether joinder is appropriate is a mixed question of fact and law." *People v Gaines*, 306 Mich App 289, 304; 856 NW2d 222 (2014). We review a trial court's factual

---

[3] Although defendant argues that the trial court did not conduct a proper MRE 403 analysis, "the trial court's failure to apply MRE 403" may be considered harmless. *People v Watkins*, 491 Mich 450, 491; 818 NW2d 296 (2012).

findings for clear error, and its interpretation of a court rule de novo. *Id.* The ultimate decision regarding joinder of related charges "lies firmly within the discretion of trial courts." *Id.* (quotation marks and citation omitted).

## B. ANALYSIS

As discussed *supra*, there is no error requiring reversal in the admission of the other acts evidence. When the trial court asked if there was any reason not to consolidate the cases in light of its MRE 404(b) ruling, defense counsel stated: "Probably not, your Honor. . . . I understand it makes sense to try together, if – if this evidence is going to be permitted to come in." Arguably, defendant waived any challenge to joinder because he acquiesced to the trial court's decision in light of the MRE 404(b) ruling. *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011).

Furthermore, even if we were to review this issue, defendant is not entitled to reversal. Pursuant to MCR 6.120(B)(1), joinder is appropriate when the offenses are related, which means based on "the same conduct or transaction," "a series of connected acts," or "a series of acts constituting parts of a single scheme or plan." MCR 6.120(B)(1). Other relevant factors include timeliness, potential confusion or complexity, and drain on the parties' resources.

In this case, "[t]he evidence demonstrated that defendant engaged in ongoing acts related to his scheme of preying upon young, teenage girls" of his acquaintance. *People v Gaines*, 306 Mich App 289, 305; 856 NW2d 222 (2014). Defendant met both girls, who were 15 or 16 years old, through seemingly innocuous circumstances. He then enticed each to spend time with him. In each situation, defendant engaged in sexual conduct with the girls. He then escalated the degree of sexual conduct beyond the clear limits the girls set. Defendant physically overpowered them and ignored their protests. In separate assaults against KD and BC, defendant imprisoned their hands above their head, effectively subverting any attempt to fight him off. "The facts were not complex and presented little potential for confusion." *Gaines*, 306 Mich App at 305.

Thus, "the offenses charged were related because the evidence indicated that defendant engaged in ongoing acts constituting parts of his overall scheme or plan" to sexually assault teenage girls of his acquaintance. *People v Williams*, 483 Mich 226, 235; 769 NW2d 605 (2009). Joinder was proper.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

## A. STANDARD OF REVIEW

Defendant also asserts that he was denied the effective assistance of counsel. Whether a defendant received effective assistance of counsel is a mixed question of fact and law, as a "trial court must first find the facts and then decide whether those facts constitute a violation of the defendant's constitutional right to effective assistance of counsel." *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004). A trial court's factual findings are reviewed for clear error, and questions of constitutional law are reviewed de novo. *People v Unger*, 278 Mich App 210, 242; 749 NW2d 272 (2008).

## B. ANALYSIS

-4-

"Effective assistance of counsel is presumed, and the defendant bears a heavy burden to prove otherwise." *People v Mack*, 265 Mich App 122, 129; 695 NW2d 342 (2005). To establish a claim for ineffective assistance of counsel, a defendant first must establish that "counsel's representation fell below an objective standard of reasonableness." *People v Vaughn*, 491 Mich 642, 669; 821 NW2d 288 (2012) (quotation marks and citation omitted); see also *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984). Second, the defendant must show that trial counsel's deficient performance prejudiced his defense, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Vaughn*, 491 Mich at 669 (quotation marks and citation omitted); see also *Strickland*, 466 US at 687.

Defendant asserts that his counsel unreasonably failed to investigate and present two witnesses who would have altered the timeline of the prom night incident. KD testified that she and defendant left prom at some point between 11:00 p.m. and 11:30 p.m. Defendant attaches affidavits from two witnesses, one of whom was a fellow prom attendee who averred that defendant and KD did not leave prom until after 11:00 p.m. The other witness, defendant's mother, avers that she received a text message from defendant at 11:20 p.m. that he was driving to a different location. Although his mother testified at trial, she claimed that "she was not asked to testify as to these facts at trial." Defendant contends this evidence would have undermined the victim's claims because it would have been nearly impossible to commit the crime in the timeframe the victim gave, which involved leaving prom between 11:00 and 11:30 p.m.

However, defendant actually testified that they left prom earlier, at approximately 10:50 p.m. Defendant acknowledges that the timeline from these witnesses conflicts with his own testimony. Although he insists that his counsel still should have presented these witnesses, we do not agree that it constitutes ineffective assistance of counsel when declining to produce witnesses or testimony that directly conflicts with defendant's version of events. As the United States Supreme Court has recognized: "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information." *Strickland*, 466 US at 691.

Given defendant's testimony that they left prom earlier, which conflicts with the two affiants, he has not demonstrated that defense counsel behaved objectively unreasonably in failing to present evidence to counter his own testimony. *Id.* Nor do we find that such arguments warrant a remand for an evidentiary hearing.

## IV. SENTENCING

Lastly, defendant contends that the sentencing court impermissibly enhanced his sentence based on facts not found by the jury when it scored various offense variables. Defendant contends this was in violation of *Alleyne v United States*, __ US __; 133 S Ct 2151; 186 L Ed 2d 314 (2013). However, as defendant concedes, we have rejected this argument.

In *People v Herron*, 303 Mich App 392, 405; 845 NW2d 533 (2013), we held that "judicial fact-finding to score Michigan's sentencing guidelines falls within the wide discretion

accorded a sentencing court in the sources and types of evidence used to assist the court in determining the kind and extent of punishment to be imposed within limits fixed by law." (Quotation marks and citation omitted). This Court concluded, "Michigan's sentencing guidelines are within the broad sentencing discretion, informed by judicial factfinding, that does not violate the Sixth Amendment." *Id.* Thus, defendant's argument has been foreclosed by *Herron*.[4]

## V. CONCLUSION

We find no error requiring reversal in the admission of the other acts evidence or joinder. Nor do we conclude that defendant was denied the effective assistance of counsel. Defendant is not entitled to resentencing. We affirm.

/s/ Michael J. Riordan
/s/ William B. Murphy
/s/ Mark T. Boonstra

---

[4] An appeal in *Herron* was held in abeyance pending the Michigan Supreme Court's decision in *People v Lockridge*, 496 Mich 852; 846 NW2d 925 (2014). See *People v Herron*, __ Mich __; 846 NW2d 924 (2014). However, "[t]he filing of an application for leave to appeal to the Supreme Court or a Supreme Court order granting leave to appeal does not diminish the precedential effect of a published opinion of the Court of Appeals." MCR 7.215(C).