# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

DAVID ANTHONY CAMERON, JR.,

      Defendant-Appellant.

UNPUBLISHED
July 16, 2015

No. 320592
Washtenaw Circuit Court
LC No. 11-000123-FH

Before: O'CONNELL, P.J., and OWENS and M. J. KELLY, JJ.

PER CURIAM.

Defendant David Anthony Cameron, Jr. appeals by right the trial court's sentences imposed on remand from this Court.[1] The trial court sentenced Cameron as a fourth-offense habitual offender, MCL 769.12, to serve concurrent sentences of 108 months to 30 years in prison for his assault with intent to do great bodily harm less than murder conviction, MCL 750.84, and 77 months to 30 years in prison for his felon in possession of a firearm conviction, MCL 750.224f. Because we conclude there were no errors warranting resentencing, we affirm.

Cameron first argues the trial court erred when it scored 50 points under Offense Variable (OV) 7. This Court reviews a trial court's factual findings under the sentencing guidelines for clear error. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). This Court reviews de novo whether the trial court properly applied the sentencing guidelines to the facts. *Id*.

Under MCL 777.37(1)(a), the trial court must score OV 7 at 50 points if a "victim was treated with sadism, torture, or excessive brutality or conduct designed to substantially increase the fear and anxiety a victim suffered during the offense." Thus, a trial court properly scores OV 7 at 50 points if the defendant's conduct amounted to sadism, torture, or excessive brutality, or was designed to substantially increase the fear and anxiety a victim suffered during the offense. *Hardy*, 494 Mich at 439-440.

---

[1] See *People v Cameron*, unpublished opinion per curiam of the Court of Appeals, issued February 26, 2013 (Docket No. 306391).

In *Hardy*, our Supreme Court explained that determining whether the defendant engaged in conduct that was designed to substantially increase fear or anxiety involved a two-step inquiry: "The relevant inquiries are (1) whether the defendant engaged in conduct beyond the minimum required to commit the offense; and, if so, (2) whether the conduct was intended to make a victim's fear or anxiety greater by a considerable amount." *Id*. at 443-444. A defendant's intent can be inferred from the facts and circumstances of the case. *Id*. at 440 n 26. In *Hardy*, the Court determined that the defendant's act of racking a shotgun while pointing it at the victim was an extra step beyond the minimum necessary to commit carjacking because "merely displaying the weapon or pointing it at the victim would have been enough . . . ." *Id*. at 445. The Court similarly held that the nature of the act supported the finding that the defendant did it with the intent to substantially increase the victim's fear. *Id*.

The relevant offense in this case was assault with intent to do great bodily harm less than murder. Assault with intent to do great bodily harm less than murder requires two elements: "(1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder." *People v Brown*, 267 Mich App 141, 147; 703 NW2d 230 (2005) (quotation marks, emphasis, and citation omitted). The intent to do great bodily harm means "an intent to do serious injury of an aggravated nature." *Id*. (quotation marks and citation omitted). Accordingly, the minimum conduct required to commit the crime would have been for Cameron to point the gun at the victim (an assault) under circumstances that suggested that he had the intent to do great bodily harm less than murder.

The evidence showed that Cameron assaulted and threatened the victim because he was upset that the victim had sent eviction notices to some friends. For that reason, he forced the victim up against a wall, pressed a gun to her face, pulled her head back, and threatened to kill her and her daughter if he had to come back. He then punctuated his threat by slamming the victim's head into the wall, which left her lying on the floor unconscious.

Cameron's conduct went beyond the minimum necessary to commit assault with intent to do great bodily harm less than murder and permitted an inference that he took the extra acts with the intent to substantially increase the victim's fear and anxiety. MCL 777.37(1)(a); *Hardy*, 494 Mich at 440 n 26. When he pressed the gun firmly to her face, he told the victim to "quit f------ with his people." He also threatened to kill her and her daughter if he had to come back. This evidence supported by a preponderance that Cameron intended to considerably increase the victim's fear and anxiety during the assault so that she would take his threats seriously and not evict his friends. Therefore, the trial court did not clearly err when it found that Cameron took acts beyond the minimum necessary to commit the crime and did so to considerably increase the victim's fear or anxiety. *Id*. at 443-445.

Next, Cameron argues the trial court erred when it did not score the variables for his lower crime class concurrent conviction of felon in possession of a firearm and, in effect, departed from the guidelines in sentencing him for this conviction. We review de novo whether the trial court properly applied the sentencing guidelines. *People v Mack*, 265 Mich App 122, 125; 695 NW2d 342 (2005).

This Court has already determined that a trial court does not need to score the variables for a lower crime class offense, which is to be served concurrent to the higher crime class offense; it similarly held that sentencing a defendant within the range calculated for the higher offense does not constitute a departure. See *People v Lopez*, 305 Mich App 686, 690-692; 854 NW2d 205 (2014). The Court explained that when a defendant is sentenced to concurrent sentences for multiple offenses, the trial court is not required to calculate the guidelines range for the lower crime class offense because "there would be no tangible reason or benefit in establishing guidelines ranges for the lower-crime-class offenses" given that the "the guidelines range for the highest-crime-class offense would subsume the guidelines range for lower-crime-class offenses." *Id*. at 691-692.

At resentencing, the trial court sentenced Cameron to serve concurrent sentences. The assault with intent to do great bodily harm less than murder conviction was the higher crime class conviction. Therefore, because the felon in possession of a firearm conviction was in a lower crime class and the sentences were concurrent, the trial court did not need to score this offense and there was no departure. *Id*.

There were no errors warranting resentencing.

Affirmed.

/s/ Peter D. O'Connell
/s/ Donald S. Owens
/s/ Michael J. Kelly

-3-