# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JUAN JOE CANTU,

Defendant-Appellant.

UNPUBLISHED
March 13, 2018

No. 335696
Kent Circuit Court
LC No. 95-003319-FCB

Before: MARKEY, P.J., and SHAPIRO and GADOLA, JJ.

SHAPIRO, J. (*concurring in part and dissenting in part*).

I agree with my colleagues that MCL 769.25a does not mandate resentencing for any offenses other than first-degree murder, and that the sentences imposed here did not violate the Eight Amendment of the United States Constitution or 1963 Const, art 1, § 16. However, I do not agree that these conclusions should be the end of the inquiry under the particular circumstances of this case.

Defendant brought a motion for resentencing in the trial court based on the rulings in *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012), and *Montgomery v Louisiana*, ___ US ___; 136 S Ct 718; 193 L Ed 2d 599 (2016). The trial court granted the motion, but denied defendant's request that he be resentenced on his convictions for kidnapping and assault with intent to murder for which he had received minimum sentences of 50 years and parolable life respectively.

At the time of defendant's sentencing in 1996, the sentencing guidelines were not calculated for any of his convictions. Felony murder carried a mandatory sentence of life without parole and so, as now, there were no applicable guidelines. However, because the life-without-parole sentence has been vacated and the new sentence carries a minimum of 40 years, we are left with a sentencing in which the higher sentences, 50 to 80 years and parolable life, were imposed for convictions to which the guidelines applied, but were never calculated. In my view, such a sentence violates the mandate of MCL 771.14(2)(e)(*ii*).[1]

---

[1] MCL 771.14(2)(e)(ii) provides:

-1-

In *People v. Mack*, 265 Mich App 122; 695 NW2d 342 (2005), we held that when a defendant is being sentenced for more than one offense, the sentencing guidelines need only be scored for the most serious offense. However, the Court in *Mack* recognized a possible exception to that rule specifically to address the situation now before us, stating, "We question (but do not expressly decide today) whether a sentence for a conviction of the lesser class felony that is not scored under the guidelines pursuant to MCL 771.14(2)(e)(ii) and (iii) could permissibly exceed the sentence imposed on the highest crime class felony and remain proportional." *Id*. at 129.[2]

Accordingly, I would remand for guideline scoring and resentencing on these charges.


/s/ Douglas B. Shapiro

_____

(2) A presentence investigation report prepared under subsection (1) shall include all of the following:

(e) For a person to be sentenced under the sentencing guidelines set forth in chapter XVII, all of the following:

(ii) Unless otherwise provided in subparagraph (*i*), for each crime having the highest crime class, the sentence grid in part 6 of chapter XVII that contains the recommended minimum sentence range.

[2] See also *People v. Johnigan*, 265 Mich App 463, 471; 696 NW2d 724 (2005), in which Judge Sawyer expressed disagreement with *Mack*, stating, "the result that the *Mack* Court should have reached is that, under the clear language of MCL 777.21(2) as written, a sentencing court must score the sentencing guidelines for all offenses that fall within the scope of the guidelines."