*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DAVID ALLEN MILLER,

Defendant-Appellant.

UNPUBLISHED
April 16, 2020

No. 345990
Ingham Circuit Court
LC No. 18-000146-FH

Before: CAVANAGH, P.J., and BECKERING and GLEICHER, JJ.

Beckering, J. (*concurring*).

I concur in the outcome. With respect to defendant's sole contention on appeal that the trial court inappropriately and unconstitutionally considered his refusal to admit guilt and that fact that he exercised his constitutional right to a jury trial when imposing its sentence, I fully agree with the majority's conclusion that the record does not support defendant's contention. As for the majority's sua sponte raised issue of whether defendant's minimum sentence for assault with intent do to great bodily harm less than murder, MCL 750.84, upwardly departed from the sentencing guidelines, I disagree. But I do conclude that it may be disproportionate because it exceeded the minimum sentences for his higher crime class offenses. Thus, I agree that we should vacate and remand for resentencing.

Pursuant to MCL 771.14(2)(e)(ii) and (iii), the trial court correctly used in sentencing a PSIR covering defendant's conviction for his highest crime class offense, first-degree home invasion, MCL 750.110a(2), a Class B offense. Because no consecutive sentencing was involved, a separate PSIR was not required to be prepared for his lower crime class offenses of unarmed robbery, MCL 750.530, a Class C offense, and assault with intent to do great bodily harm less than murder, a Class D offense. *People v Lopez*, 305 Mich App 686, 690; 854 NW2d 205 (2014); *People v Mack*, 265 Mich App 122, 127; 695 NW2d 342 (2005). "Given that the sentences are to be served concurrently, the guidelines range for the highest-crime class offense would subsume the guidelines range for the lower crime class offenses, and there would be no tangible reason or benefit in establishing guidelines ranges for the lower crime-class offenses." *Lopez*, 305 Mich App at 690-692. Thus, defendant's minimum-sentence guidelines range for his assault conviction was 99-320 months, the same as it was for the highest crime class offense of first-degree home

invasion. When the trial court sentenced defendant to a minimum of 240 months for the assault offense, it stayed true to its word that it would stay within the sentencing guidelines range.[1] However, the trial court arguably erred in this instance by assigning a minimum sentence for the lower crime class offense that exceeded the minimum sentences for the two higher crime class offenses. In *Mack*, 265 Mich App at 129, this Court noted, "[W]e question (but do not expressly decide today) whether a sentence for a conviction of the lesser class felony that is not scored under the guidelines pursuant to MCL 771.14(2)(e)(ii) and (iii) could permissibly exceed the sentence imposed on the highest crime class felony and remain proportional." And again in *Lopez* this Court raised the same concern: "we also question, like the *Mack* Court did, 'whether a sentence for a conviction of the lesser class felony that is not scored under the guidelines pursuant to [MCL 771.14(2)(e)(ii) and (iii)] could permissibly exceed the sentence imposed on the highest crime class felony and remain proportional.' " *Lopez*, 305 Mich App at 692. This case presents the very hypothetical forewarned by both *Mack* and *Lopez*. It is not clear whether the trial court intentionally imposed a minimum sentence for defendant's lesser crime class felony that exceeded his higher crime class felonies by 2 years, but I share the majority's concern that by doing so, it imposed a disproportionate sentence for defendant's assault conviction. I would vacate the trial court's sentences and remand resentencing.

/s/ Jane M. Beckering

---

[1] Contrary to the majority's implication, because there is only one SIR, there is no evidence that the trial court separately scored the guidelines ranges for either of defendant's lower crime class offenses.