# Syllabus

Chief Justice:
Bridget M. McCormack

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Kathryn L. Loomis

PEOPLE v REYNOLDS

Docket No. 162331. Decided December 7, 2021.

Nicholas S. Reynolds pleaded no contest in the Macomb Circuit Court to two counts of child sexually abusive activity (CSAA), MCL 750.145c(2); one count of third-degree criminal sexual conduct (CSC-III), MCL 750.520d; and one count of assault by strangulation, MCL 750.84(1)(b). The circuit court, Kathryn A. Viviano, J., sentenced defendant to 160 to 240 months for the CSAA convictions, 108 to 180 months for the CSC-III conviction, and 72 to 120 months for the assault-by-strangulation conviction. The court ordered that these sentences run concurrently with each other but consecutively to defendant's sentence for an Illinois child-pornography conviction for which he was on parole when he committed the crimes at issue in this appeal. The guidelines range for defendant's minimum sentence had been calculated on the basis of his CSC-III conviction; the guidelines range was not calculated for any of his other convictions. Defendant moved in the circuit court to correct an invalid sentence, arguing that his minimum sentencing guidelines range should have also been scored using his convictions for CSAA. The circuit court denied the motion. Defendant sought leave to appeal in the Court of Appeals, but his application was denied. He then sought leave to appeal in the Supreme Court, and in lieu of granting leave to appeal, the Supreme Court remanded the case to the Court of Appeals for consideration as on leave granted. 505 Mich 868 (2019). On remand, the Court of Appeals, SWARTZLE, P.J., and JANSEN and BORRELLO, JJ., affirmed defendant's sentences. 334 Mich App 205 (2020). Defendant again sought leave to appeal in the Supreme Court.

In a unanimous per curiam opinion, the Supreme Court, in lieu of granting leave to appeal and without hearing oral argument, *held*:

Defendant was entitled to be resentenced. Under MCL 771.14(2)(e)(*ii*), the presentence investigation report (the PSIR) must include the applicable "sentence grid" "for *each crime having the highest crime class*" that defendant was convicted of when no consecutive sentencing is authorized. Similarly, MCL 771.14(2)(e)(*iii*) requires inclusion of "the computation that determines the recommended minimum range for *the crime having the highest crime class*." MCL 771.14(2)(e)(*ii*) and (*iii*) do not say that a sentencing court *must use only the highest guidelines range* among two equally classified felony offenses when imposing concurrent sentences for those offenses. Inferring such a requirement would make the mandate to score each of the highest-class felonies a directive to conduct a mere academic exercise, as only the highest range would actually

be used when imposing a sentence for any of these felonies.  Furthermore, the Court of Appeals' reliance on *People v Lopez*, 305 Mich App 686 (2014), was misplaced because *Lopez* involved multiple convictions of offenses in different crime classes, whereas this case concerned multiple convictions and concurrent sentences for different offenses within the same crime class.  The Court of Appeals correctly identified the need to score the guidelines for both the CSAA and CSC-III offenses at issue, but its conclusion that any difference between the guidelines ranges for these different offenses within the same crime class would be subsumed by the highest guidelines range was an inappropriate extension of *Lopez*.  The more reasonable reading of MCL 771.14(2)(e)(*ii*) and (*iii*), for concurrent-sentencing purposes, is that when two or more offenses fall within the same crime class and it is the highest applicable crime class, then not only must each offense be scored, but the defendant must also be sentenced based on the respective minimum sentencing guidelines ranges for each offense.  This reading gives each part of MCL 771.14(2)(e) full legal effect.  In this case, the circuit court erroneously rejected defendant's argument that the PSIR must include the applicable sentencing grid and minimum sentencing guidelines range for his CSAA *and* CSC-III convictions because both are Class B crimes.  The circuit court also erred by assuming that the offense variables and prior record variables would be scored exactly the same for each offense and by basing defendant's CSAA sentences on the guidelines range for his CSC-III conviction.  Accordingly, defendant was entitled to be resentenced because the trial court erred and the record on appeal, which was missing the warrant-authorization request that served as the factual basis for defendant's plea, did not allow for a determination of what effect the identified errors might have had on defendant's minimum sentencing guidelines range for his CSAA convictions.

Affirmed in part, reversed in part, and remanded to the Macomb Circuit Court for correction of the PSIR and resentencing on defendant's CSAA convictions.

Justice VIVIANO did not participate due to a familial relationship with the presiding circuit court judge in this case.

# OPINION

Chief Justice:
Bridget M. McCormack

Justices:
Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch

FILED December 7, 2021

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v                                  No. 162331

NICHOLAS SCOTT REYNOLDS,

       Defendant-Appellant.

BEFORE THE ENTIRE BENCH (except VIVIANO, J.)

PER CURIAM.

Defendant, Nicholas Reynolds, pleaded no contest to two counts of child sexually abusive activity (CSAA), MCL 750.145c(2); one count of third-degree criminal sexual conduct (CSC-III), MCL 750.520d; and one count of assault by strangulation, MCL 750.84(1)(b). On appeal by leave granted, the Court of Appeals held that because CSAA and CSC-III are both Class B offenses, defendant's presentence investigation report (PSIR) should have scored the guidelines for both offenses under MCL 771.14(2)(e). Defendant

agrees but argues that the Court of Appeals erred by holding that he was not entitled to a remand for resentencing. We agree with defendant. Accordingly, we reverse in part and affirm in part the judgment of the Court of Appeals and remand this case to the Macomb Circuit Court for resentencing on defendant's CSAA convictions.

The record shows that the parties stipulated to the admission of a warrant-authorization request for the purpose of providing the factual basis for defendant's plea. That document was not retained in the lower court's file, and it has not been provided to this Court. The record shows that defendant's CSC-III conviction was the basis for calculating his minimum sentencing guidelines range of 99 to 160 months for his CSAA convictions. Neither the author of the PSIR nor the trial court calculated defendant's guidelines range for his CSAA convictions, despite CSAA also being a Class B offense. The trial court sentenced defendant to 160 to 240 months for the CSAA convictions, 108 to 180 months for the CSC-III conviction, and 72 to 120 months for the assault-by-strangulation conviction. The court ordered that these sentences run concurrently with each other but consecutively to defendant's sentence for an Illinois child-pornography conviction for which he was on parole when he committed the crimes at issue in this appeal.

Through appellate counsel, defendant filed a motion to correct an invalid sentence. Defendant argued that his minimum sentencing guidelines range should have been scored using his convictions for CSAA, the highest Class B offense. The trial court denied the motion in a written opinion and order, ruling that although CSC-III and CSAA were both Class B offenses against a person, no correction was required because "the same prior record variables [(PRVs)] and offense variables [(OVs)] are scored for" each offense under MCL 777.21(1)(b) and MCL 777.22(1). Defendant first sought leave to appeal in the Court

2

of Appeals, but his application was denied. He then sought leave to appeal in this Court, and in lieu of granting leave to appeal, we remanded to the Court of Appeals for consideration as on leave granted. *People v Reynolds*, 505 Mich 868 (2019). On remand, the Court of Appeals affirmed defendant's sentences in a published opinion. *People v Reynolds*, 334 Mich App 205; 964 NW2d 127 (2020).

As explained by the Court of Appeals:

The main issue on appeal concerns how to properly determine defendant's recommended minimum guidelines range in light of his multiple convictions. MCL 777.21(2), contained within the sentencing guidelines, provides that "[i]f the defendant was convicted of multiple offenses, *subject to section 14 of chapter XI, score each* offense as provided in this part." (Emphasis added.) Following this instruction, we turn our attention to MCL 771.14, which provides, in pertinent part, as follows:

(2) . . . A presentence investigation report . . . shall include all of the following:

\* \* \*

(e) For a person to be sentenced under the sentencing guidelines set forth in chapter XVII, all of the following:

(*i*) For each conviction for which a consecutive sentence is authorized or required, the sentence grid in part 6 of chapter XVII that contains the recommended minimum sentence range.

(*ii*) Unless otherwise provided in subparagraph (*i*), for *each crime having the highest crime class*, the sentence grid in part 6 of chapter XVII that contains the recommended minimum sentence range.

(*iii*) Unless otherwise provided in subparagraph (*i*), the computation that determines the recommended minimum sentence range for the crime having the highest crime class. [Emphasis added.]

3

These statutes, read together, require that the recommended minimum guidelines range be determined for "*each*" offense "*having the highest crime class*." MCL 777.21(2) (emphasis added); MCL 771.14(2)(e)(*ii*) (emphasis added). This Court has explained that a trial court is "not required to independently score the guidelines for and sentence the defendant on each of his concurrent convictions if the court properly score[s] and sentence[s] the defendant on the conviction with the highest crime classification" and that "when sentencing on multiple concurrent convictions, the guidelines [do] not need to be scored for the *lower-crime-class offenses* because MCL 771.14(2)(e) provides that presentence reports and guidelines calculations [are] only required for the highest crime class felony conviction." *People v Lopez*, 305 Mich App 686, 690-691; 854 NW2d 205 (2014) (quotation marks and citation omitted; emphasis added). However, when there are multiple convictions of the same crime class and that shared crime class is the highest crime class, "each" of those convictions must be scored. MCL 777.21(2); MCL 771.14(2)(e)(*ii*).

In this case, child sexually abusive activity and CSC-III are both Class B crimes against a person. MCL 777.16g (child sexually abusive activity); MCL 777.16y (third-degree sexual assault). Assault by strangulation is a Class D crime against a person. MCL 777.16d. Because defendant's multiple Class B crimes constituted the highest crime class among his multiple total convictions, *each* of his Class B crimes had to be scored under the sentencing guidelines. MCL 777.21(2); MCL 771.14(2)(e)(*ii*). The trial court committed legal error by failing to do so and instead scoring only defendant's CSC-III conviction, thereby violating the clear statutory language in MCL 777.21(2) and MCL 771.14(2)(e)(*ii*). [*Reynolds*, 334 Mich App at 208-210 (footnote omitted).]

We find no error in this part of the Court of Appeals' analysis and adopt it as our own.

We disagree, however, with the Court of Appeals' analysis of the need for resentencing. Despite finding error and rejecting the prosecution's argument that the error did not matter because the same PRVs and OVs would *always* be scored, *id.* at 210 n 3, the Court of Appeals held that resentencing was unnecessary. Relying on "the logic expressed . . . in *Lopez*," the Court held that even if the guidelines for CSAA would have been lower, they would be subsumed and controlled by the higher guidelines for CSC-III. *Id.* at 212-213. Therefore, the Court concluded that because the guidelines range would

4

not change on remand, defendant was not entitled to resentencing under *People v Francisco*, 474 Mich 82; 711 NW2d 44 (2006). *Id*. at 213.

The Court of Appeals' reliance on *Lopez* is misplaced. *Lopez* reaffirmed the holding of *People v Mack*, 265 Mich App 122; 695 NW2d 342 (2005), that a "trial court was not required to independently score the guidelines for and sentence the defendant on each of his concurrent convictions if the court properly scored and sentenced the defendant on the conviction with the highest crime classification." *Lopez*, 305 Mich App at 690. "[W]hen sentencing on multiple concurrent convictions, the guidelines did not need to be scored for the lower-crime-class offenses because MCL 771.14(2)(e) provides that presentence reports and guidelines calculations were only required 'for the highest crime class felony conviction.' " *Id*. at 691, quoting *Mack*, 265 Mich at 127-128. *Lopez* then applied that rationale to conclude that "because the sentences for [the] defendant's lower-crime-class offenses were to be served concurrently with the highest-class-felony sentence, the Class E guidelines did not need to be scored and there was no departure," as a result of an habitual-offender enhancement. *Lopez*, 305 Mich App at 692. Stated differently, resentencing in *Lopez* was not necessary under *Francisco* because a shorter concurrent sentence for the lower-level offense would expire before the longer concurrent sentence for the higher-level offense and only the higher-level offense needed to be scored as a matter of law.

*Lopez* and *Mack* involved multiple convictions of offenses in *different crime classes*. Those cases are easily distinguishable from the present case, which concerns multiple convictions and concurrent sentences for different offenses within the *same crime class*. The Court of Appeals applied *Lopez* despite recognizing the factual distinctions

5

between it and this case. *Reynolds*, 334 Mich App at 212. Although we agree with the Court of Appeals regarding the need to score the guidelines for both the CSAA and CSC-III offenses at issue, we reject its conclusion that any difference between the guidelines ranges for these different offenses within the same crime class would be subsumed by the highest guidelines range. This conclusion was an inappropriate extension of *Lopez* and *Mack* to wholly different circumstances.

The PSIR must include the applicable guidelines computation for each different offense in the highest crime class. Under MCL 771.14(2)(e)(*ii*), the PSIR must include the applicable "sentence grid" "for *each crime having the highest crime class*" that defendant was convicted of when no consecutive sentencing is authorized. (Emphasis added.) Similarly, MCL 771.14(2)(e)(*iii*) requires inclusion of "the computation that determines the recommended minimum range for *the crime having the highest crime class*." (Emphasis added.) The use of the phrase "each crime" in MCL 771.14(2)(e)(*ii*) and the phrase "the crime" in MCL 771.14(2)(e)(*iii*) leaves room for confusion when, as in this case, a defendant is convicted of multiple *different offenses* within the *same crime class*. It is clear, however, that MCL 771.14(2)(e)(*ii*) and (*iii*) do not say that a sentencing court *must use only the highest guidelines range* among two equally classified felony offenses when imposing concurrent sentences for those offenses. Inferring such a requirement would make the mandate to score each of the highest-class felonies a directive to conduct a mere academic exercise, as only the highest range would actually be used when imposing a sentence for any of these felonies. Such a reading should be avoided when other reasonable interpretations are available that avoid rendering all or

6

part of the statute surplusage. See *People v Pinkney*, 501 Mich 259, 282-283; 912 NW2d 535 (2018).

The more reasonable reading of MCL 771.14(2)(e)(*ii*) and (*iii*), for concurrent-sentencing purposes, is that when two or more offenses fall within the same crime class and it is the highest applicable crime class, then not only must each offense be scored, but the defendant must also be sentenced based on the respective minimum sentencing guidelines ranges for each offense. This reading gives each part of MCL 771.14(2)(e) full legal effect. It is also consistent with the requirement that sentencing courts consult all applicable guidelines, *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), and that criminal sentences be based on accurate information, *Francisco*, 474 Mich at 89; *People v McGraw*, 484 Mich 120, 131; 771 NW2d 655 (2009).

Application of these conclusions to the present case makes clear the trial court's error and the need for resentencing. The trial court erroneously rejected defendant's argument that the PSIR must include the applicable sentencing grid and minimum sentencing guidelines range for his CSAA *and* CSC-III convictions because both are Class B crimes. The trial court also erred by assuming that the OVs and PRVs would be scored exactly the same for each offense and by basing defendant's CSAA sentences on the guidelines range for his CSC-III conviction.

Putting the PRVs aside, the OVs "are properly scored by reference only to the sentencing offense except when the language of a particular offense variable statute specifically provides otherwise." *McGraw*, 484 Mich at 135. The facts of a specific case could result in differing OV scores for two felonies of the same crime class producing different sentencing guidelines ranges for the two offenses. The prosecution might be

7

correct that this extra step will not result in different guidelines ranges for the multiple offenses in most cases, but there is nothing in the record that allows us to confirm that assertion in this case. The PSIR shows scores for OV 10 (exploitation of a vulnerable victim), MCL 777.40; OV 11 (criminal sexual penetration), MCL 777.41; and OV 13 (continuing pattern of criminal behavior), MCL 777.43. While it is true that the same OVs will be considered for CSAA as for CSC-III, it is not necessarily true that the scores will be identical. The record before this Court contains no support for the prosecution's assertion that the CSAA offenses were based on defendant's alleged recording and photographing of the sexual assault forming the basis of the CSC-III conviction. The PSIR does not say that defendant recorded or took pictures of the sexual assault or that defendant's seized phone contained any pictures of the victim of the assault. It is possible that the warrant-authorization request that served as the factual basis for defendant's plea contains the missing information, but that document has not been provided to this Court. Defendant's assertion that the scores for OV 10 or OV 11 for CSAA will be lower than for CSC-III is plausible, but the record makes it impossible for this Court to verify his assertion.

Defendant is entitled to resentencing because the trial court erred and the record does not allow this Court to determine what effect the identified errors might have had on defendant's minimum sentencing guidelines range for his CSAA convictions. We cannot be certain that the identified errors did not change the applicable guidelines range. See *Francisco*, 474 Mich at 91-92. Accordingly, we affirm in part and reverse in part the judgment of the Court of Appeals and remand this case to the Macomb Circuit Court for correction of the PSIR and resentencing on defendant's CSAA convictions. On remand,

8

defendant may raise any appropriate challenges to the scoring of the PRVs and OVs for the CSAA convictions.

Bridget M. McCormack
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch

VIVIANO, J., did not participate due to a familial relationship with the presiding circuit court judge in this case.