# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CARL MICHAEL-JAMES CLARK,

Defendant-Appellant.

UNPUBLISHED
November 28, 2017

No. 334119
Wayne Circuit Court
LC No. 15-005126-01-FH

Before: METER, P.J., and BORRELLO and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of felon in possession of a firearm, MCL 750.224f, carrying a concealed weapon, MCL 750.227, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced, as a third habitual offender, MCL 769.11, to 1 to 10 years for the felon in possession of a firearm conviction, one to five years for the carrying a concealed weapon conviction, and to two years for the felony-firearm conviction. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

This appeal arises from an incident that occurred on the evening of June 4, 2015, in the City of Detroit. On that night, three Detroit police officers, Jones, Covington and Maples responded to a dispatch call regarding shots fired. When they arrived in the vicinity of where they believed the call originated, Jones saw defendant standing on the front grass of the home between the sidewalk and the driveway. Jones testified that he illuminated defendant with his flashlight and saw defendant lift a trash can lid and take a gun from his waistband and place it in the trash. There was other evidence that officers saw two people running into the house and the three named officers gave somewhat contradictory testimony at trial. Additionally, people who were in the house at the time defendant was arrested testified that defendant did not have a gun. After hearing the testimony presented, the jury found defendant guilty of the offenses listed above and the trial court sentenced defendant as previously indicated. This appeal then ensued.

## II. ANALYSIS

On appeal, defendant first argues that the prosecution failed to present legally sufficient evidence to find him guilty of felon in possession of a firearm, carrying a concealed weapon, and felony-firearm. This Court reviews a challenge to the sufficiency of the evidence in a jury trial

-1-

de novo. *People v Gaines*, 306 Mich App 289, 296; 856 NW2d 222 (2014). The evidence is viewed "in the light most favorable to the prosecution, to determine whether the trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt." *Id.*

Defendant argues that given the contradictory nature of the testimony presented, plaintiff failed to prove that defendant ever had possession of the firearm. Though defendant argues that plaintiff failed to prove possession of the firearm, he is actually arguing that the contradictory nature of the testimony failed to produce legally sufficient evidence from which a reasonable trier of fact could find him guilty of any of the offenses for which he was found guilty. MCL 750.224f prohibits an individual convicted of a felony from possessing a firearm until the right to possession of such firearms is legally restored.[1] Hence, defendant's argument as to the sufficiency of the evidence rests on his claim that given what defendant characterizes as the contradictory nature of the testimony presented, plaintiff failed to produce sufficient legal evidence to establish that the officers properly identified defendant as the one who discarded the gun into a garbage can. "This Court has stated that positive identification by witnesses may be sufficient to support a conviction of a crime." *People v Davis*, 241 Mich App 697, 700; 617 NW2d 381 (2000). All three of the testifying officers identified defendant as the man who dropped the gun in the garbage can. Both prosecution and defense witnesses agreed that although another individual was present at the home that evening, Robert Hudson was a suspect, he and defendant looked very different, and the officers testified that it was defendant who was outside, not Hudson. Additionally, this Court is required to defer to the fact-finder and resolve questions of credibility in favor of the jury's verdict. *People v Schumacher*, 276 Mich App 165, 167; 740 NW2d 534 (2007). This Court "will not interfere with the jury's role of determining the weight of the evidence or the credibility of witnesses." *People v McKinney*, 258 Mich App 157, 165; 670 NW2d 254 (2003). The jury considered the testimony of Officer Jones and Officer Covington, who saw defendant running up a driveway and depositing a gun into a garbage can before disappearing into a house, and found the prosecution's witnesses more credible than the witnesses for the defense. This Court must defer to the jury's credibility determinations.

Accordingly, viewing the evidence in the light most favorable to the prosecution, and based on the totality of the testimony presented at trial, a reasonable fact-finder could determine that defendant unlawfully possessed and concealed a firearm in violation of MCL 750.224f, MCL 750.227, and MCL 750.227b. Accordingly, defendant is not entitled to relief on this issue.

Next, defendant argues that he was denied the effective assistance of counsel for two separate reasons. First, defendant argues, counsel failed to inform him of his absolute right to testify. Secondly, defendant argues that trial counsel was ineffective because he failed to call witnesses that could have supported and corroborated the testimony of the two witnesses called by the defense.

---

[1] Defendant does not dispute that he was previously convicted of a felony.

In order to preserve a claim of ineffective assistance of counsel, defendant must move for a new trial or a *Ginther*[2] hearing in the trial court. *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009). Defendant failed to move for a new trial or for a *Ginther* hearing at the trial court level. The issue is thus unpreserved, and this Court's review is "limited to mistakes apparent on the record." *Payne*, 285 Mich App at 188. When considering a claim of ineffective assistance of counsel, this Court reviews a trial court's factual findings for clear error, and reviews constitutional determinations de novo. *People v Johnson*, 293 Mich App 79, 90; 808 NW2d 815 (2011).

Defendant first argues that he was denied the effective assistance of counsel because defense counsel failed to have him testify, or inform him of his absolute right to testify, on his own behalf. Establishing a claim of ineffective assistance of counsel requires two component parts. Defendant must show " 'that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment . . . [and] that the deficient performance prejudiced the defense.' " *People v LeBlanc*, 465 Mich 575, 578; 640 NW2d 246 (2002) (citations omitted). This is a difficult standard to meet, and "defendant must overcome a strong presumption that counsel's performance constituted sound trial strategy." *People v Riley*, 468 Mich 135, 140; 659 NW2d 611 (2003).

In the absence of a *Ginther* hearing, "review of the defendant's claim of ineffective assistance of counsel is limited to mistakes that are apparent on the record." *People v Mack*, 265 Mich App 122, 125; 695 NW2d 342 (2005). The burden is on defendant to show a "factual predicate" for his ineffective assistance of counsel claim. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). Here, the record is devoid of evidence that trial counsel failed to inform defendant of his right to testimony. Accordingly, this Court could find that in the absence of any evidence and on this record, we should presume that defendant's failure to testify was sound trial strategy. *Riley*, 468 Mich at 140. However, even if we were to discard the lack of proof, we cannot glean from the record any indicia of evidence that by not testifying, defendant had been prejudiced. Defendant was able, through cross-examination to cast doubt on the testimony of the police officers. Additionally, defendant was able to produce two witnesses who testified that defendant did not possess the gun that was found discarded in the trash. Hence, any testimony from defendant would have merely been cumulative and also opened defendant to the possibility of cross-examination. Accordingly, on this record, we cannot glean that even if we presume trial counsel failed to inform defendant of his right to testify and that failure constituted ineffective assistance of counsel, defendant suffered prejudice. *LeBlanc*, 465 Mich at 578. Thus, defendant was not denied the effective assistance of counsel on these grounds.

Defendant also argues that he was denied the effective assistance of counsel because defense counsel failed to call witnesses that could have supported and corroborated the testimony given by defendant's other two witnesses. Defendant contends that calling more witnesses may have altered the outcome of the case substantially, and the failure to do so amounts to a deprivation of a fair trial. Defendant argues that more witnesses would have corroborated the

---

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

accounts given by his two witnesses, but fails to identify any of the alleged witnesses that should have been called.

Decisions regarding which witnesses to call are considered a matter of trial strategy, and failing to call a witness "is only considered ineffective assistance if it deprived the defendant of a substantial defense." *People v Putman*, 309 Mich App 240, 248; 870 NW2d 593 (2015). "A substantial defense is one that could have affected the outcome of the trial." *Id.*

Our review of the record in this matter leads us to conclude that nothing therein suggests that the testimony of more witnesses would have corroborated those accounts or lent credence to defendant's position such that the outcome of the case would have dramatically changed. Defendant has not managed to overcome the presumption that the decision to call two witnesses was a matter of sound trial strategy. Rather, it appears defendant believes his counsel's strategic decisions constituted ineffective assistance of counsel because the two witnesses called did not persuade the jury to rule in his favor. But "[t]he fact that defense counsel's strategy was unsuccessful does not render him ineffective." *People v Solloway*, 316 Mich App 174, 190; 891 NW2d 255 (2016). Accordingly, defendant's claim must fail.

Affirmed.


/s/ Patrick M. Meter
/s/ Stephen L. Borrello
/s/ Michael J. Riordan