# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
April 24, 2018

v

STEVE BERNARD BOGARD,

Defendant-Appellant.

No. 338012
Kent Circuit Court
LC No. 16-010043-FH

Before: GLEICHER, P.J., and M. J. KELLY and CAMERON, JJ.

PER CURIAM.

Following a jury trial, defendant, Steve Bogard, appeals as of right his convictions for possession of a controlled substance in an amount less than 50 grams with intent to deliver, MCL 333.7401(2)(a)(*iv*); possession of a firearm by a person convicted of a felony (felon-in-possession), MCL 750.224f; assault with a dangerous weapon, MCL 750.82; and possession of a firearm when committing or attempting to commit a felony (felony-firearm), MCL 750.227b. The trial court sentenced Bogard as a fourth-offense habitual offender, MCL 769.12, to serve 2 to 40 years' imprisonment for possession of a controlled substance in an amount less than 50 grams with intent to deliver, 8 to 60 years' imprisonment for felon-in-possession, 2 to 15 years' imprisonment for assault with a dangerous weapon. The court also imposed a consecutive 2 year sentence for the felony-firearm conviction. Because there are no errors warranting reversal, we affirm.

## I. BASIC FACTS

On September 20, 2016, Siad Brown called the police to report that someone had shot at him. When the police arrived, he emerged from a hiding place in some bushes and consented to the police searching his residence. The police knocked on the door, announced themselves, and entered. Inside, Bogard walked toward them from an area that another witness testified was near the basement. Bogard was searched. Although he was unarmed and had no drug paraphernalia on his person, he was carrying $1,660 in cash. The police searched the basement of the house and discovered 1.66 grams of cocaine and a loaded gun on some ductwork. They also searched Bogard's vehicle and discovered a digital scale and sandwich bags with the corner pieces torn out.

The prosecution's theory was that Bogard shot at Brown. In support, they presented testimony from Brown that Bogard pointed a gun at him, so he ran away. Brown stated that while he was running, he thought he heard gunshots. Brown's ex-girlfriend (who he was dating

-1-

at the time) also testified that Bogard showed Brown the gun and pointed it at him. Based on the testimony that Bogard possessed the gun, had drug paraphernalia in his vehicle, and had a large sum of cash on his person, the prosecution also argued that the cocaine belonged to Bogard and that he had essentially stashed both the drugs and the gun after shooting at Brown but before the police arrived. In his defense, Bogard testified that he never went into the basement. He also stated that he had a large sum of cash because he was going to get a money order for $1,000 to pay his mother's mortgage and that he was going to use $600 to pay his car insurance. Bogard also testified that other individuals used his vehicle and that he had not personally checked to see if anything out of the ordinary was in the vehicle before he used it. The jury convicted Bogard as indicated above.

## II. EVIDENTIARY ERROR

### A. STANDARD OF REVIEW

Bogard first argues that the trial court abused its discretion by finding that the prosecution had shown due diligence in attempting to secure the appearance of Brown at trial. "This Court reviews a trial court's evidentiary ruling for an abuse of discretion." *People v Benton*, 294 Mich App 191, 195; 817 NW2d 599 (2011). "An abuse of discretion occurs when the trial court reaches a result that is outside the range of principled outcomes." *Id*. Further, whether a defendant was denied his constitutional right to confront the witnesses against him is an issue that we review do novo. *Id*.

### B. ANALYSIS

The admission of preliminary examination testimony at trial does not violate a defendant's right of confrontation if (1) the witness is unavailable to testify at trial, (2) the prosecution can demonstrate due diligence in trying to produce the absent witness, and (3) the testimony meets satisfactory indicia of reliability. *People v Bean*, 457 Mich 677, 682-683; 580 NW2d 390 (1998). In accordance with MRE 804(a)(5), the test for due diligence "is one of reasonableness and depends on the facts and circumstances of each case, i.e., whether diligent good-faith efforts were made to procure the testimony, not whether more stringent efforts would have produced it." *Id*. at 684.

Here, the record demonstrates that Brown never gave the police the impression that he would not show up for trial, and instead he was cooperative at the preliminary examination. Additionally, the process server for the Grand Rapids Police Department attempted to serve Brown at his last known address multiple times but was unsuccessful. An officer then contacted Brown's ex-girlfriend, who informed him that the two had been evicted from their residence and had ended their relationship. The ex-girlfriend told the officer that she did not know where Brown was located; however, at trial, she admitted that she spoke with Brown daily and that he was in Atlanta, Georgia. When asked if she told the police about Brown living in Atlanta, she stated she did not. On appeal, Bogard argues that Brown was easily located through the ex-girlfriend, yet the record does not support this statement because the ex-girlfriend failed to disclose this information to law enforcement before the trial. Moreover, although there was evidence that Brown had been on probation, he had been released and no other forwarding address was provided. Lastly, the phone number for Brown did not work, and a search of LEIN

turned up nothing on him. Thus, based on the record before the court, we conclude that the trial court did not err by finding the prosecution exercised due diligence to produce Brown at trial. Although Bogard argues that the prosecution should have made additional efforts, due diligence requires the prosecution to "do everything reasonable, not everything possible, to obtain the presence of the witness." *People v Eccles*, 260 Mich App 379, 391; 677 NW2d 76 (2004). Moreover, because Brown was unavailable under MRE 804(a)(5), his preliminary examination testimony was admissible under MRE 804(b)(1) because Bogard had a prior opportunity and similar motive to develop the witness's testimony on cross-examination. See *Bean*, 457 Mich at 682-684.

## III. PROSECUTORIAL MISCONDUCT

### A. STANDARD OF REVIEW

Bogard next argues that the prosecutor improperly shifted the burden of proof during her closing argument. To review a claim of prosecutorial misconduct, this Court must examine the challenged remarks in contest to determine whether the defendant received a fair and impartial trial. *People v Aldrich*, 246 Mich App 101, 110; 631 NW2d 67 (2001). However, because Bogard failed to preserve this issue with a timely objection, our review is for plain error affecting Bogard's substantial rights. See *id*. Additionally, "[n]o error requiring reversal will be found if the prejudicial effect of the prosecutor's comments could have been cured by a timely instruction." *People v Watson*, 245 Mich App 572, 586; 629 NW2d 411 (2001) (quotation marks and citation omitted).

### B. ANALYSIS

Bogard contends that the following argument by the prosecutor improperly shifted the burden of proof:

> So let's go to count one. The possession with intent to deliver cocaine. We know [an officer] finds, in Exhibit 13, there's a photograph of it. The handgun and the baggie of rocks of the crack cocaine. And we know that he finds it in the basement. And—well, how do we know the defendant put those there? For one thing, zero evidence that anybody else put it there. Zero evidence that [Brown] used drugs, possessed guns, went down there at any point that day. Zero evidence, in fact an outright denial from [the ex-girlfriend], that she's involved in any kind of drug use or guns. An outright denial even though she's not here to testify, but [the ex-girlfriend] says, no [her friend] wasn't involved in any of that stuff either.

We disagree. "Prosecutors are typically afforded great latitude regarding their arguments and conduct at trial." *People v Unger*, 278 Mich App 210, 236; 749 NW2d 272 (2008). "They are generally free to argue the evidence and all reasonable inferences from the evidence as it relates to their theory of the case." *Id*. The challenged comments reflect the prosecutor's recitation of the circumstantial evidence linking Bogard to the firearm and drugs located in the basement. And, although the prosecutor commented on the lack of evidence linking others to the crime, that was not improper given that the defense theory was that the items found by the police belonged

to someone other than Bogard. Consequently, we conclude that there was no prosecutorial misconduct.

## IV. SUFFICIENCY OF THE EVIDENCE

### A. STANDARD OF REVIEW

Bogard next argues that there was insufficient evidence to support his conviction for possession with intent to deliver. Challenges to the sufficiency of the evidence are reviewed de novo, with the evidence viewed in the light most favorable to the prosecution. *People v Bennett*, 290 Mich App 465, 471; 802 NW2d 627 (2010).

### B. ANALYSIS

The elements of possession with intent to deliver cocaine in an amount less than 50 grams are as follows: "(1) that the recovered substance is cocaine, (2) that the cocaine is in a mixture weighing less than fifty grams, (3) that defendant was not authorized to possess the substance, and (4) that defendant knowingly possessed the cocaine with intent to deliver." *People v Wolfe*, 440 Mich 508, 516-517; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). Bogard only challenges the sufficiency of the evidence that he possessed the cocaine.

Here, an officer found a handgun and a 1.66 grams of cocaine in Brown's basement. The cocaine was on top of the gun. Bogard was the only individual identified as possessing a handgun, but when the police arrived he did not have a gun on him. Instead, he was moving toward the police from the direction of the basement. That evidence allows for a reasonable inference that Bogard placed the gun in the basement before the police arrived. Because the cocaine was on top of the gun, it also allows for an inference that he was connected to the cocaine. Additionally, there was other testimony and evidence tying Bogard to the drugs. Namely, he had a large sum of cash on him, which can be indicative of the sale of illegal drugs, and he had drug paraphernalia in his vehicle.[1] We note that, although Bogard claimed he was paying bills with the money, it is important to note that "[t]his Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *People v Williams*, 268 Mich App 416, 419; 707 NW2d 624 (2005). Accordingly, viewed in the light most favorable to the prosecution, there was sufficient evidence to establish that Bogard had possession of the cocaine in the basement.

## V. PROPORTIONALITY OF SENTENCE

### A. STANDARD OF REVIEW

---

[1] Two police witnesses explained that drugs are inserted into the corner of sandwich bags and then are twisted off when sold. In addition, a digital scale can be used to weigh cocaine before it is sold.

Bogard next argues he is entitled to resentencing because his minimum term was unreasonable and disproportionate. A trial court's sentence is reviewed for reasonableness. *People v Lockridge*, 498 Mich 358, 365; 870 NW2d 502 (2015). "[A]ppellate review of departure sentences for reasonableness requires review of whether the trial court abused its discretion by violating the principle of proportionality set forth in our decision in [*People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990)]." *People v Steanhouse*, 500 Mich 453, 477; 902 NW2d 327 (2017).

## B. ANALYSIS

The trial court calculated Bogard's minimum sentencing guidelines range for the felon-in-possession conviction was 14 to 58 months. However, the trial court deemed this sentence inadequate and departed upward to a minimum of 96 months' imprisonment. "Where there is a departure from the sentencing guidelines, an appellate court's first inquiry should be whether the case involves circumstances *that are not adequately embodied within the variables used to score the guidelines*." *Milbourn*, 435 Mich at 659-660 (emphasis added). Here, contrary to Bogard's argument on appeal, the trial court articulated its reasons for the upward departure, which also support its finding for the extent of the departure. When imposing the departure sentence, the trial court noted that Bogard's background consisted of 27 convictions, seven prior felonies, and 20 prior misdemeanors. Bogard has also served 14 jail sentences, three prison sentences, and multiple probationary and parole periods of supervision. In fact, Bogard was also on parole when this incident occurred. As the trial court stated during sentencing, Bogard has shown an ongoing disregard for the criminal justice system as evidenced by his repeated probation and parole violations and escapes. Further, the court stressed the numerous assaultive crimes and linked them to the specific offense on which it departed upward. Because the extent of Bogard's criminal record was not fully accounted for in the guidelines, we conclude that the trial court properly imposed a reasonable and proportionate sentence in this case after taking into account the nature of the offense and the offender. See *People v Walden*, 319 Mich App 344, 352; 901 NW2d 142 (2017).

## VI. INEFFECTIVE ASSISTANCE

## A. STANDARD OF REVIEW

Finally, in a Standard 4 brief filed pursuant to Michigan Supreme Court Administrative Order 2004-6, Bogard argues that his trial lawyer provided ineffective assistance. "When no *Ginther*[2] hearing has been conducted, our review of the defendant's claim of ineffective assistance of counsel is limited to mistakes that are apparent on the record." *People v Mack*, 265 Mich App 122, 125; 695 NW2d 342 (2005).

---

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

## B. ANALYSIS

To demonstrate ineffective assistance, a defendant must show that his lawyer's performance was deficient and that it prejudiced the defense. *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001). A defendant's lawyer is presumed effective and the defendant bears the heavy burden of proving otherwise. *People v Solmonson,* 261 Mich App 657, 663; 683 NW2d 761 (2004).

Bogard first argues that his lawyer failed to prepare appropriately for his trial. More specifically, he contends that his lawyer failed to conduct a background investigation into the prosecution's case-in-chief. However, there is no evidence on the record supporting a finding that Bogard's lawyer failed to conduct a background investigation or was otherwise unprepared for trial. As a result, Bogard has failed to meet his burden of showing that his lawyer's performance was deficient. Moreover, even assuming *arguendo* that Bogard's lawyer's performance was deficient, given that there is no indication of what Bogard's lawyer would have discovered if he had conducted a more thorough background investigation, we cannot conclude that the alleged error would have affected the outcome of the trial.

Next, Bogard argues that he was prejudiced by his lawyer's failure to challenge the legality of his arrest by seeking suppression of illegally seized evidence. Bogard states that his lawyer failed to move for suppression of the handgun and cocaine, as well as the circumstantial evidence of sandwich baggies with the corner pieces torn out and a digital scale. Failing to file a suppression motion is not per se ineffective assistance; a defendant must still demonstrate that his lawyer's performance was objectively unreasonable and that "but for" that deficient performance, the outcome of the trial would have been different. *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). Bogard fails to provide any support for his contention that the search and seizure of the evidence was illegal. He likewise fails to provide any support for his contention that his arrest was illegal. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment [of an issue] with little or no citation of supporting authority." *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998). Consequently, we decline to address his contention that the arrest or the search were illegal. Further, without first establishing that the arrest and search were illegal, Bogard cannot prove that his lawyer was deficient in failing to move to suppress evidence or by failing to establish that his arrest was illegal. See *Carbin*, 463 Mich at 600 (stating that to succeed on a claim of ineffective assistance, a defendant must establish the factual predicate for his or her claim).

Next, to the extent that Bogard argues that his lawyer provided ineffective assistance by subjecting him to the court's jurisdiction when she "appeared" before the trial court, we find his argument wholly without merit. The trial court had jurisdiction over Bogard. See *People v Lown*, 488 Mich 242, 268; 794 NW2d 9 (2011) ("Michigan circuit courts are courts of general jurisdiction and unquestionably have jurisdiction over felony cases.").

Finally, Bogard argues that the cumulative effect of his trial lawyer's errors resulted in an unconstitutional deprivation of his right to the effective assistance of a lawyer. There cannot be cumulative error, however, in the absence of any errors. Stated differently, we cannot reverse on

the basis of cumulative error when no errors have been presented. Thus, we reject Bogard's claim of ineffective assistance.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Michael J. Kelly
/s/ Thomas C. Cameron