*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
June 17, 2021

Plaintiff-Appellee,

v

No. 349792
Cass Circuit Court
LC No. 18-010260-FH

JUSTIN WILLIAM HUFFMAN,

Defendant-Appellant.

Before: MURRAY, C.J., and FORT HOOD and RICK, JJ.

PER CURIAM.

Defendant was convicted by a jury of assault with a dangerous weapon (felonious assault), MCL 750.82, being a felon in possession of a weapon (felon-in-possession), MCL 750.224f, being a felon in possession of ammunition (felon-in-possession of ammunition), MCL 750.224f(6), and two counts of possessing a firearm during the commission of felony (felony-firearm), MCL 750.227b.[1] Defendant was sentenced as a fourth habitual offender, MCL 769.12, to 30 months' to 20 years' for the felon-in-possession convictions, 30 months' to 15' years for the felonious assault conviction, and two years' for the felony-firearm convictions to be served consecutively to his sentences for felon-in-possession and felonious assault. Defendant contends on appeal that he should be afforded a new trial because he was denied his right to effective assistance of counsel. We disagree.

## I. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant contends that his counsel was ineffective for (1) failing to object to testimony that a gun defendant possessed had been stolen, (2) failing to seek a stipulation that would have avoided the admission of specific details about defendant's prior criminal convictions, and (3)

---

[1] Defendant was acquitted of discharging a firearm in or at a building, MCL 750.234b(1), lying to a police officer, MCL 750.479c(2)(d), and one count of felony-firearm. Tangentially relevant to this appeal is that defendant was also originally charged with receiving and concealing a stolen firearm, MCL 750.535b. That charge was dismissed prior to trial.

failing to rehabilitate witnesses that testified that they did not see defendant with a gun. We agree with respect to the first two issues that counsel's performance fell below an objective standard of reasonableness, but disagree that a new trial is warranted.

"In order to preserve the issue of effective assistance of counsel for appellate review, the defendant should make a motion in the trial court for a new trial or for an evidentiary hearing." *People v Sabin*, 242 Mich App 656, 658-659; 620 NW2d 19 (2000). Because defendant failed to move for a new trial or for a *Ginther*[2] hearing, our review is limited to mistakes apparent on the record. *People v Putman*, 309 Mich App 240, 246; 870 NW2d 593 (2015). "To establish ineffective assistance of counsel, a defendant must show that (1) defense counsel's performance was so deficient that it fell below an objective standard of reasonableness and (2) there is a reasonable probability that defense counsel's deficient performance prejudiced the defendant." *Id.* at 247-248 (quotation marks and citation omitted). "A defendant is prejudiced if, but for defense counsel's errors, the result of the proceeding would have been different." *People v Carll*, 322 Mich App 690, 703; 915 NW2d 387 (2018). "Effective assistance of counsel is presumed, and the defendant bears a heavy burden to prove otherwise." *People v Mack*, 265 Mich App 122, 129; 695 NW2d 342 (2005).

## A. STOLEN GUN

Defendant first contends that his counsel was ineffective for failing to object to testimony that the gun he utilized to perpetrate the crimes was listed as stolen on the Law Enforcement Information Network (LEIN). We agree with defendant that his counsel should have objected, and take issue with the prosecution's suggestion that the testimony was admissible on the basis that it was "marginally relevant" to the issue of defendant's "criminality." However, because we are confident that exclusion of the testimony would not have resulted in a different outcome, defendant's claim for ineffective assistance must fail.

Generally, in order to be admissible, evidence must be relevant. MRE 402. " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. Even where evidence is relevant, it "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." MRE 403.

Here, the fact that the gun at issue was reported stolen had no tendency to make the existence of any fact of consequence more or less probable. Defendant was not on trial for any form of theft or for receiving stolen property.[3] The prosecution itself refers to  the evidence as

---

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[3] As noted above, defendant was initially charged with receiving stolen property, but the charge was dismissed prior to trial.

being only "marginally" relevant, and, problematically, further notes that the relevance of the evidence was to establish defendant's "criminality" to the jury. See MRE 404(b) ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.").[4] With that in mind, not only did the evidence lack relevance, but the prosecution's brief on appeal seems to imply that it was admitted for an improper purpose.

That having been said, defendant's argument fails because he cannot show that the result of this case would had been different had the evidence been excluded. At trial, two officers testified that the gun recovered from the scene of the crime was listed as stolen on LEIN, but the issue was otherwise not discussed. There was also no evidence in the record to suggest that defendant knew the gun to be stolen. Instead, multiple witnesses testified that defendant was temporarily given the gun by someone who wanted to sell it to him. More importantly, and as further detailed below, the brief testimony that the gun was listed as stolen on LEIN was inconsequential in comparison to the litany of evidence presented to the jury that supported a finding of defendant's guilt. With that in mind, while we agree with defendant that the testimony concerning the gun having been listed as stolen in LEIN had no relevance at trial, defendant has failed to meet his burden of establishing that, but for the admission of the evidence, the result of trial would have been different.

## B. PRIOR CRIMINAL CONVICTIONS

Defendant next contends that his counsel was ineffective for failing to seek a stipulation that would have avoided the necessity of the jury learning about the specifics of defendant's prior criminal convictions. At trial, two officers, as well as defendant's father, testified that defendant was previously convicted in 2016 of felonious assault and conspiracy to deliver or manufacture methamphetamine. The prosecutor also spoke about the convictions in her opening statement. We agree that defense counsel could and should have stipulated to defendant's prior record to avoid any undue prejudice that could have resulted from the jury learning that defendant had previously been convicted of felonious assault. Again, however, in light of the evidence against defendant, he has failed to establish that this error was outcome-determinative.

In *Old Chief v US*, 519 US 172, 174-175; 117 S Ct 644; 136 L Ed 2d 574 (1997), the defendant was charged with felon-in-possession and sought to stipulate to his prior felony conviction to avoid undue prejudice that could come from the jury learning of the nature of his prior conviction of assault causing serious bodily injury. The prosecutor refused to join in the stipulation, "insisting on his right to prove his case his own way," and the trial court agreed, ruling that "if [the prosecutor] doesn't want to stipulate, he doesn't have to." *Id*. at 177. The Supreme Court of the United States reversed, noting that a trial court abuses its discretion when it "spurns such an offer and admits the full record of a prior judgment, when the name or nature of the prior offense raises the risk of a verdict tainted by improper considerations, and when the purpose of the evidence is solely to prove the elements of prior conviction." *Id*. at 174, 191-192.[5] Here, the

---

[4] The prosecution does not suggest that any of the enumerated exceptions to MRE 404(b) apply.

[5] The prosecution refers to *People v Mills*, 450 Mich 61; 537 NW2d 909 (1995) and *Old Chief* for the contention that a defendant's offer to stipulate to a fact does not alter the prosecution's burden

prosecution admits that the only relevance of defendant's prior convictions was that having prior felony convictions was an element of defendant's felon-in-possession charges. Undoubtedly, that defendant had prior felony convictions could have been presented to the jury without also presenting that one of those convictions involved felonious assault, which was a crime for which defendant was standing trial in this case.

In light of *Old Chief*, we are inclined to conclude that defense counsel's failure to seek a stipulation fell below an objective standard of reasonableness. The jury was subjected to the nature of defendant's prior felony convictions no less than four times during trial,[6] and we note that his prior conviction of felonious assault had the potential to be highly prejudicial in light of the fact that defendant was standing trial in this case for the same crime. That having been said, we again conclude that defendant has failed to establish prejudice on the basis of the plethora of other evidence against him that supported his conviction.

The jury heard the testimony of defendant's neighbor, who noted that she saw defendant with a long gun and heard gunshots come from that direction. That witness further saw defendant get into a vehicle before exiting the vehicle and fleeing across the street. Officers then testified that a ".22 long rifle" was found inside the vehicle the witness saw defendant enter, a fresh .22 bullet casing was found in the same general area, and a bullet hole was found on the exterior of the house in the area where the witness indicated she saw defendant pointing the gun.[7] Defendant was then found in the direction in which the neighbor saw him flee with a magazine of ammunition on his person matching the .22 rifle. One officer indicated that the magazine contained approximately eight bullets, which was about half of its capacity. The jury also heard the testimony of two officers who indicated that defendant confessed to them that he had fired the rifle. They indicated that defendant confessed to shooting the gun twice, and one officer specifically indicated that defendant provided as follows: "I shot at the ground; I didn't mean to at the house. I didn't point the gun at anybody, and then I took off runnin.' "[8]

---

to prove every element of a crime. However, *Mills* was not referring to the introduction of prior felonies as evidence, and the prosecution's argument ignores the crux of *Old Chief*, which was decided two years after *Mills*. The Supreme Court in *Old Chief* specifically noted with respect to prior felonies that, "[i]n [that] case, as in any other in which the prior conviction is for an offense likely to support conviction on some improper ground, the only reasonable conclusion was that the risk of unfair prejudice did substantially outweigh the discounted probative value of the record of conviction, and it was an abuse of discretion to admit the record when an admission was available." *Old Chief*, 519 US at 191.

[6] We note that defense counsel did object to the cumulative admission of defendant's prior record.

[7] Notably, this was also the area where the witness testified she saw defendant's father standing.

[8] It is also worth noting that the jury heard the testimony of defendant's father, who indicated that defendant had angrily broken several windows on the house with a six-foot rake handle. The jury was properly instructed that such an item may be considered a dangerous weapon where it "is used in a way that is likely to cause physical injury or death." There was at least some evidence, although admittedly less so than what was available with respect to the gun, for the jury to infer

-4-

Finally, we note, and defendant concedes, that the trial court specifically instructed the jury to disregard defendant's prior convictions for anything other than the purpose for which they were admitted. The court noted: "You must not consider this evidence for any other purpose. For example, you must not decide that it shows that the Defendant is a bad person or that he is likely to commit crimes." See *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003) ("Jurors are presumed to follow their instructions, and instructions are presumed to cure most errors.").

With all of the above in mind, while we agree with defendant that his counsel should have stipulated to his prior record in order to avoid introducing potentially prejudicial evidence to the jury, the evidence presented at trial was sufficient for the jury to conclude beyond a reasonable doubt that defendant committed the charged offenses. Moreover, the trial court cured any error by instructing the jury to disregard the nature of defendant's prior offenses. Defendant has therefore failed to establish prejudice.

## C. WITNESS REHABILITATION

Defendant next contends that his trial counsel was ineffective for failing to rehabilitate witnesses that testified that they did not see defendant with a gun or hear gunshots. At trial, the prosecution implicitly challenged the credibility of defendant's father, mother, and sister, by asking them whether they loved defendant and whether they did not want to see him get into trouble. Defendant contends that his counsel was ineffective for failing to rehabilitate the witnesses by asking them whether they would perjure themselves in order to protect defendant. We disagree.

First, we note that defendant erroneously refers this Court to MRE 606, which involves the competency of jurors as witnesses. Defendant otherwise points to no rule or law to support his assertion that his counsel was ineffective for failing to rehabilitate the witnesses noted above in the manner he desired. See *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998) ("An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority."). In any event, while defense counsel certainly could have attempted to bolster the credibility of the witnesses by questioning them about their willingness to perjure themselves, his decision not to do so was sound trial strategy.

Decisions regarding how counsel chooses to question witnesses are presumed to be matters of trial strategy. *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008). "We will not second-guess counsel on matters of trial strategy, nor will we assess counsel's competence with the benefit of hindsight." *Id*. Defendant must overcome a strong presumption that counsel's actions constituted sound trial strategy. *People v Cooper*, 309 Mich App 74, 80; 867 NW2d 452 (2015).

---

that defendant may have used the rake in an assaultive manner. Also, of note is that this outburst prompted defendant's mother to call the police.

We agree with the prosecution that it was likely the strategy of defense counsel not to further question the witnesses as to this issue because, in light of the fact that the questioning might have been little more than a formality and had little impact on the jury's assessment of credibility, there was no purpose in repeatedly bringing the issue to the jury's attention. To that end, and to the extent one might consider trial counsel's failure to rehabilitate the witnesses an ineffective strategy, the answers the witnesses likely would have given to such questions is somewhat presumable and the impact of the same so negligible that it cannot be said that counsel's decision prejudiced the outcome.

## II. CUMULATIVE EFFECT OF ERRORS

Defendant lastly contends that the cumulative effect of counsel's repeated errors was sufficiently prejudicial to warrant a new trial. As noted above, we agree with defendant that counsel's failure to object to the testimony that the rifle was reported stolen in LEIN and failure to seek a stipulation regarding defendant's prior record fell below an objective standard of reasonableness. However, we disagree that the cumulative effect of the errors warrants the granting of a new trial.

We review issues of cumulative error "to determine if the combination of alleged errors denied defendant a fair trial." *People v Dobek*, 274 Mich App 58, 106; 732 NW2d 546 (2007). "The cumulative effect of several errors can constitute sufficient prejudice to warrant reversal even when any one of the errors alone would not merit reversal, but the cumulative effect of the errors must undermine the confidence in the reliability of the verdict before a new trial is granted." *Id*. "In other words, the effect of the errors must have been seriously prejudicial in order to warrant a finding that defendant was denied a fair trial." *People v Knapp*, 244 Mich App 361, 387; 624 NW2d 277 (2001).

As noted above, the evidence against defendant was substantial. See *id*. at 388 (noting that the cumulative effect of errors did not require reversal where there was substantial evidence of the defendant's guilt). Defendant's neighbor noted that she saw defendant pointing a long gun toward his home, which was also in the direction of his father, and heard gunshots. Police then uncovered a considerable amount of evidence to corroborate the witness's testimony, including a .22 rifle in a car defendant was seen entering after the gunshots, a bullet casing ejected from a .22 rifle, ammunition for a .22 rifle in defendant's back pocket, and a bullet hole on the exterior of the house. Police further testified that defendant admitted to them that he shot the gun twice, and the confession included the suggestion that defendant may have, albeit inadvertently, fired the weapon in the direction of the house. With all of the above in mind, given the amount of evidence presented to the jury to support defendant's guilt, we conclude that the cumulative effect of trial counsel's errors did not undermine the reliability of the verdict.

## III. CONCLUSION

Trial counsel's failure to object to testimony concerning the .22 rifle being listed as stolen in LEIN and failure to stipulate to defendant's prior record in order to avoid the details of the convictions being presented to the jury fell below an objective standard of reasonableness. However, in light of the plethora of evidence supporting the jury's verdict presented at trial, these

errors were neither individually nor cumulatively prejudicial. Additionally, defendant's contention that his counsel was ineffective for failing to rehabilitate witnesses is without merit.

Affirmed.

/s/ Christopher M. Murray
/s/ Karen M. Fort Hood
/s/ Michelle M. Rick