*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* ALLEN ALEXANDER TABB, Minor.

---

PEOPLE OF THE STATE OF MICHIGAN,

        Petitioner-Appellee,

v

ALLEN ALEXANDER TABB,

        Respondent-Appellant.

UNPUBLISHED
September 29, 2022

No. 358285
Wayne Circuit Court
Family Division
LC No. 2015-519914-DJ

---

Before: GLEICHER, C.J., and MARKEY and PATEL, JJ.

PER CURIAM.

Respondent pleaded guilty to second-degree murder, MCL 750.317, and received a delayed adult sentence and probation. After respondent violated probation and committed new crimes, the trial court imposed a minimum prison sentence of 225 months and a maximum sentence of life imprisonment. Respondent appeals by right, arguing that the trial court failed to take into consideration mitigating factors that would have justified a downward departure from the minimum sentence guidelines range. We reject respondent's appellate arguments and affirm his minimum sentence of 225 months' imprisonment. Nevertheless, we reverse and remand for resentencing with respect to respondent's maximum sentence of life imprisonment because it was not an available sentence under Michigan law for second-degree murder given that a term of years was imposed as respondent's minimum sentence. Moreover, our Supreme Court recently held in *People v Stovall*, ___ Mich ___, ___; ___ NW2d ___ (2022) (Docket No. 162425); slip op at 15, "that a parolable life sentence for a defendant who commits second-degree murder while a juvenile violates Article 1, § 16 of the Michigan Constitution," which prohibits cruel or unusual punishment. On remand, the trial court is directed to impose a term of years as respondent's maximum sentence.

When he was sixteen years old, respondent shot and killed his mother's boyfriend. Respondent was charged as an adult, and he eventually pleaded guilty to second-degree murder in exchange for the dismissal of several other charges. Under MCL 777.61, which is the sentencing grid for second-degree murder, the minimum sentence guidelines range for respondent was 225 to 375 months' imprisonment or a sentence of life imprisonment. At his sentencing hearing on July

28, 2017, the trial court imposed a blended sentence. This involved a delayed adult sentence with a minimum of 225 months in prison and a maximum of life imprisonment, while also providing for placement of respondent on probation in a residential facility, followed by a rehabilitation program. See MCL 712A.18(1)(o). There was no appeal by respondent or the prosecutor.

Despite not fully complying with the terms of his probation during the next few years, respondent remained on probation. But after he was charged with numerous crimes in 2020 in multiple counties, petitioner moved for imposition of an adult sentence. With respect to two of the criminal charges, respondent pleaded guilty to felonies. And the other charges remained pending. At the hearing on the motion to impose an adult sentence held in February 2021, the trial court determined that respondent had not been rehabilitated and that imposing an adult sentence would serve the best interests of the public. The court found that respondent had refused to enroll in school, had violated probation numerous times, had not benefitted at all from counseling and rehabilitation services, had demonstrated the potential for violent conduct, and had engaged in serious criminal behavior. The trial court concluded that respondent would pose a danger to the public if released. The court granted the motion to impose an adult sentence and ordered the preparation of a presentence investigation report.

A new minimum sentence guidelines range was calculated, calling for a minimum sentence of 315 to 525 months' imprisonment or a sentence of life imprisonment. A sentencing hearing was conducted in May 2021. The parties and the court addressed the newly-calculated guidelines range, initially reaching an agreement that an offense variable had been improperly scored and that the appropriate guidelines range was 270 to 450 months' imprisonment or life imprisonment. The prosecutor then interjected that the prior record variables had changed since 2017, which explained why the guidelines range had shifted upward. And the prosecutor next stated, "the People are not going to challenge any sentence that starts at the 225 minimum months that were accounted for back [i]n I believe 2017." Respondent's counsel then indicated that the prosecution had failed to object or appeal back in 2017 regarding the guidelines range or the delayed adult sentence set forth by the court. Respondent's attorney specifically requested the imposition of a sentence "toward the lower end of the sentencing range." Counsel was referencing the guidelines range calculated in 2017. Respondent's attorney then asserted that he believed that the court had the authority to "go below" 225 months but that it could not exceed 225 months. To be clear, counsel did not request a downward departure. The prosecutor reiterated that she would not challenge "any sentencing that would be at 225 months." The trial court imposed a minimum sentence of 225 months' imprisonment and a maximum sentence of life imprisonment. A judgment of sentence to that effect was entered by the court. This appeal ensued.

On appeal, respondent frames his argument by asserting that the trial court abused its discretion by adopting a sentence within the guidelines range absent consideration of mitigating factors that favored a downward departure from the guidelines range. Within that context, respondent argues in the body of his brief, in full, as follows:

> The lower court record indicates that [respondent] suffered losses during 2020 that impacted his noteworthy progress in rehabilitating from the criminal offense. Mr. Tabb demonstrated that he was capable of complying with court orders, obtaining a good job, and making strong progress on his court ordered treatment plan. However, the court made no mention of any of that. The trial court

focused upon the statutory sentencing guidelines and the fact Mr. Tabb stood charged with new criminal offenses, and imposed a sentence that could result in Mr. Tabb spending the remainder of his life in prison. The court never considered the option of extending probation to age 21, despite that Mr. Tabb had not been convicted on the offenses with which he had been charged.[1] The failure to consider distinctive attributes of a minor when sentencing him to a term of years or life imprisonment so undermines a sentencing judge's exercise of his or her discretion as to constitute reversible error. *People v Turner*, 505 Mich 954, 954 (2020). Mr. Tabb should be entitled to resentencing.

We initially note that MCL 769.34(10) provides, in part, that "[i]f a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence."[2] Respondent does not raise any scoring-error claims, nor does he assert that the trial court relied on inaccurate information; therefore, affirmance of respondent's minimum sentence is appropriate in this case. See *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016) ("Defendant does not dispute that his sentence was within the recommended minimum guidelines range, and he does not argue that the trial court relied on inaccurate information or that there was an error in scoring the guidelines. Therefore, this Court must affirm the sentence.").[3]

Moreover, respondent's attorney requested a minimum sentence "toward the lower end of the sentencing range." Under the 2017 guidelines range, the very bottom end of the range was 225 months' imprisonment; consequently, respondent received exactly as requested, rendering the appellate arguments waived. See *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000)

---

[1] We note that at the sentencing hearing in May 2021, respondent's counsel himself acknowledged that "Mr. Tabb pled to various charges, one involving a stolen automobile, fleeing and eluding charge, and a resisting arrest charge." Counsel had also recognized at the earlier motion hearing in February 2021 that respondent had been convicted of two felonies.

[2] In *People v Posey*, 334 Mich App 338, 357-358; 964 NW2d 862 (2020), this Court did explain that there are some limits on the application of MCL 769.34(10):

> MCL 769.34(10) does not and cannot preclude constitutional appellate challenges to a sentence, e.g., an argument that a sentence constitutes cruel and unusual punishment. See *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008) (stating that MCL 769.34[10]'s limitation on review does not apply to claims of constitutional error); see also *People v Conley*, 270 Mich App 301, 316; 715 NW2d 377 (2006) ("It is axiomatic that a statutory provision, such as MCL 769.34[10], cannot authorize action in violation of the federal or state constitutions.").

[3] We reach our conclusion on the assumption that the applicable minimum sentence range was 225 to 375 months' imprisonment.

(waiver is the intentional relinquishment of a known right; one who waives his rights may not then seek appellate review of a claimed deprivation of those rights because the waiver has extinguished any error). Additionally, respondent fails to engage in any meaningful legal analysis or argument; his brief is woefully inadequate, absent development of supporting legal authority. Accordingly, the appellate arguments have effectively been abandoned. *People v Kevorkian*, 248 Mich App 373, 389; 639 NW2d 291 (2001) (abandonment of an issue occurs when an appellant simply announces a position or asserts an error and then leaves it up to us to discover and rationalize his claims, or unravel and elaborate for him his arguments, and then search for supporting authority).

Further, to the extent that respondent contends that the trial court should have contemplated extending respondent's probation instead of imposing a prison sentence, we conclude that the court was mandated by statute to revoke probation in light of respondent's criminal convictions. MCL 712A.18i(9).[4] Indeed, the trial court recognized its obligation under the statute to revoke respondent's probation. Also, given the record of respondent's probation violations, his rehabilitation failures, his criminal activities, and his unsupported and unpersuasive factual assertions, the trial court did not clearly err or abuse its discretion by imposing a minimum sentence of 225 months' imprisonment. See *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017) (sentencing decisions are reviewed for an abuse of discretion); *People v Mack*, 265 Mich App 122, 125; 695 NW2d 342 (2005) (we review for clear error a trial court's factual findings at sentencing). Finally, the order of the Supreme Court in *Turner*, 505 Mich 954, which respondent cites, has absolutely no bearing or relevance to this case. The Court indicated that "at a *Miller*[5] resentencing, the trial court may exercise its discretion to resentence a defendant on a concurrent sentence if it finds that the sentence was based on a legal misconception that the defendant was required to serve a mandatory sentence of life without parole on the greater offense." *Id.* The instant case does not involve concurrent sentences or *Miller* issues relative to minors who commit first-degree murder and potentially face mandatory life imprisonment with no chance of parole.

The problem arising in this case is that while the imposition of a minimum sentence of 225 months' imprisonment did not constitute error, the court had no authority to impose a maximum

---

[4] MCL 712A.18i(9) provides:

> If a juvenile placed on probation under an order of disposition delaying imposition of sentence is found by the court to have violated probation by being convicted of a felony or a misdemeanor punishable by imprisonment for more than 1 year, or adjudicated as responsible for an offense that if committed by an adult would be a felony or a misdemeanor punishable by imprisonment for more than 1 year, the court *shall revoke probation* and sentence the juvenile to imprisonment for a term that does not exceed the penalty that could have been imposed for the offense for which the juvenile was originally convicted and placed on probation. [Emphasis added.]

[5] This is a reference to *Miller v Alabama*, 567 US 460, 465; 132 S Ct 2455; 183 L Ed 2d 407 (2012), in which the United States Supreme Court held "that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.' "

sentence of life imprisonment. Under MCL 750.317, second-degree murder "shall be punished by imprisonment in the state prison for life, or any term of years, in the discretion of the court trying the same." Second-degree murder constitutes a Class M2 offense. MCL 777.16p. Pursuant to the M2 sentencing grid, MCL 777.61, and applying the scoring of the variables in 2017, respondent's minimum prison sentence range was 225 to 375 months "or life." Thus, and without considering a departure, the trial court could impose a minimum sentence of 225 to 375 months' imprisonment, with the court then setting a maximum term of years, or the court could have simply imposed a life sentence at the time. But the trial court could not impose a minimum sentence of a term of years with a maximum sentence of life imprisonment. MCL 769.9(2) provides:

> In all cases where the maximum sentence in the discretion of the court may be imprisonment for life or any number or term of years, the court may impose a sentence for life or may impose a sentence for any term of years. If the sentence imposed by the court is for any term of years, the court shall fix both the minimum and the maximum of that sentence in terms of years or fraction thereof, and sentences so imposed shall be considered indeterminate sentences. The court shall not impose a sentence in which the maximum penalty is life imprisonment with a minimum for a term of years included in the same sentence.

Furthermore, with the Michigan Supreme Court's holding in *Stovall*, the trial court no longer has the authority to impose a life sentence on respondent because it would constitute cruel or unusual punishment. Accordingly, we are compelled to reverse respondent's maximum sentence of life imprisonment and remand for resentencing for imposition of a maximum sentence in the form of a term of years.

We affirm in part and reverse and remand in part for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Jane E. Markey
/s/ Sima G. Patel